# SUPREME COURT.

## In the Matter of ROBERT HALLENBECK.

*Jurisdiction of the special sessions of Albany as to punishment of the crime of petit larceny — Punishment specified in section 15 of the Penal Code proper— Penal Code, sections 2, 7, 11, 15, 726, 528, 530, 531, 532, 535, 719, 726, 651 — Code of Criminal Procedure, section 717.*

Where crimes are defined in the Penal Code and are therein declared to be misdemeanors, and no punishment is therein prescribed, the punishment specified in section 15 of such Code is proper.

The court of special sessions of the city of Albany have jurisdiction to impose a fine of $500 upon a person convicted of petit larceny.

*Special Term, August,* 1883.

ROBERT HALLENBECK was convicted in the court of special sessions of the city of Albany of the crime of petit larceny and sentenced to pay a fine of $500, or to imprisonment in the Albany penitentiary for 500 days, on the 29th day of May, 1883. On the thirteenth day of August the defendant obtained a writ of *habeas corpus* from justice LEARNED and asked for an order discharging the defendant from imprisonment on the ground that the court of special sessions had exceeded its jurisdiction in imposing the fine of $500, and that the greatest fine that said court could impose was fifty dollars under section 717 of the Code of Criminal Procedure, or $100 under the Revised Statutes.

*George W. Smith,* for defendant Hallenbeck.

*D. Cady Herrick,* district-attorney, for the People.

LEARNED, *J.*— In examining the question presented we must consider that the Penal Code is a general statute intended to define all (or nearly all) crimes and to provide for their punishment (*Secs.* 2, 7 *and* 11). There must be special offenses which are not touched by it. But in respect to well known.

and familliar classes of cases the enactments of the Code are intended as substitutes for those which previously existed (*Sec.* 726). Section 528 defines at some length the crime of larceny. Sections 630 and 531 define the first and second degrees of grand larceny. Section 532 declares that every other larceny is petit larceny. These definitions are intended to take the place of those in 2 Revised Statutes, m. p. 679 (*Secs.* 63 *and* 690 ; *sec.* 1).

The Penal Code (*sec.* 535) declares that petit larceny is a misdemeanor. This must mean petit larceny as previously therein defined. Section 719 declares that an offense specified in this Code, committed after, &c., must be punished according to the provisions of this Code and not otherwise. Section 15 declares that a person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail for not more than one year or by a fine of $500, or by both. Petit larceny is. a misdemeanor. No other punishment is specially prescribed by the Code. The prisoner's crime was committed after the Code took effect, and is punishable according to its provisions.

The question is whether there is any other punishment specially prescribed by any statutory provision now in force. Section 726 of the Penal Code declares all acts inconsistent to be repealed so far as they impose any punishment for crime. And it is an obvious meaning of that section that punishments imposed by previous acts are to be repealed whenever they are inconsistent with the Code. The penalty imposed by 2 Revised Statutes, m. p. 690, section 1, is certainly inconsistent with that imposed by the Penal Code. It cannot be understood that the exception in section 15 was to take away the effect of section 726.

The argument of the relator is that whenever a punishment had been prescribed for a misdemeanor previously to the Penal

Matter of Hallenbeck.

Code which has not been expressly repealed, that remains still in force. Now, if we turn to 2 Revised Statutes, m. p. 697, section 40, we shall find a provision for the punishment of all misdemeanors of which the punishment is not prescribed by some other statutes. Therefore, according to the relator's argument, a punishment is specially prescribed for every misdemeanor. Now, therefore, every misdemeanor is excepted from section 15 of the Penal Code. This plainly is unreasonable. Again, the definitions of larceny in the Penal Code are unlike those in the Revised Statutes, therefore that part of section 1 (2 *R. S.*, *m. p.* 690), which defines petit larceny, is not in force. Why, then, the residue of the section? The relator's position, if correct, would seem to apply to some, perhaps many, other cases. For instance, section 651 (*Penal Code*) declares certain interferences with gas pipes to be a misdemeanor, but prescribes no penalty. This section is substantially the act of 1854 (*chap.* 109, *secs.* 1 *and* 2), by which the crime was declared and a penalty prescribed of six months' imprisonment and a fine of $250. Are we then to understand that a violation of section 651 is not punishable under section 15 of the Penal Code, because there was a penalty in the act of 1854, and that in the absence of an express repeal of that act the provisions therein are still in force? Under such a construction, instead of having a complete system in the Code, we should be obliged to refer to numerous statutes to ascertain the penalties now in force. When crimes are defined in the Code and are therein declared to be misdemeanors, and no punishment is therein prescribed, the punishment specified in section 15 is proper. The other objection made under section 717 of the Code of Criminal Procedure is obviated by the special provision of section 68, subdivision 3 of the same Code, giving to the special sessions in Albany power to the extent possessed by the court of sessions in like cases.

The relator is remanded to the superintendent of the penitentiary to be held under the warrant and mittimus.