## McDONALD v. DUNBAR.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. JUSTICES OF THE PEACE—APPEAL—REVERSAL—JUDGMENT AGAINST EVIDENCE.
    Under Code Civ. Proc. § 3063, as amended by Laws 1900, p. 1277, c. 553, authorizing a County Court to reverse a judgment of a justice where such judgment is contrary to or against the weight of the evidence, a judgment should be reversed only when the justice's judgment is so clearly against the weight or preponderance of the evidence that the justice could not reasonably have arrived at the decision which he made.
    [Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Justices of the Peace, §§ 716–720.]

2. MASTER AND SERVANT—ACTION FOR WAGES—SUFFICIENCY OF EVIDENCE.
    In an action to recover for services rendered by plaintiff as a farm laborer under a contract with defendant, evidence *held* sufficient to support a judgment for plaintiff.

Appeal from Columbia County Court.

Action by David McDonald against Homer Dunbar. From a judgment of the County Court reversing a judgment of the justice of the peace in favor of plaintiff, plaintiff appeals. Reversed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Elmer S. Luckenbach, for appellant.
R. Monell Herzberg, for respondent.

CHESTER, J. The action is brought to recover a balance of wages alleged to be due to the plaintiff under a contract with the defendant upon a contract to render services as a farm laborer. The defense is that the contract was entire, and that the plaintiff had not fully performed on his part. There was a conflict in the evidence as to what the contract was. The plaintiff testified, in substance, that he hired out to the defendant as a farm laborer on March 31, 1903, for five or six months at $17 per month, he to have his board and lodging, and to receive his money any time he wanted it; that he began work pursuant to the contract on the 1st day of April, and continued to work, barring a few days lost time, until the last of August; that on the 29th day of August he asked the defendant for some money, and the latter said he would not pay him, and the plaintiff told him that he would not work any longer unless he paid him. The plaintiff then left his employment, and began to work for another. The defendant, on the other hand,

testified, in substance, that he hired the plaintiff to work for him for six months for $17 a month, and for seven months if the plaintiff did not paint a certain house, and that such house was not painted by the plaintiff; that the plaintiff before the expiration of his term of service hired himself out to another person, and improperly left the defendant's service, in violation of his contract.

The justice of the peace had the clear right, under the conflict in the testimony, to determine the case in favor of the plaintiff's contention. The rule that has been applied in cases of this kind is that the authority conferred upon the County Courts by section 3063 of the Code of Civil Procedure as amended in 1900 (chapter 553, p. 1277, Laws 1900) to reverse a judgment of a Justice's Court on the ground that it is contrary to or against the evidence should be exercised only when the justice's judgment is so clearly against the weight or preponderance of the evidence that it can be seen that the justice could not reasonably have arrived at the decision which he made. Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296. An examination of the evidence in this case convinces us that the judgment of the justice was supported by sufficient evidence, and therefore, under the rule stated, it should not have been reversed.

The judgment of the County Court should be reversed, and that of the Justice's Court affirmed, with costs to the appellant in this court and in the County Court. All concur.