PEOPLE ex rel. PRICE v. HAYES, Warden.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

1. HABEAS CORPUS (§ 96*)—QUESTIONS REVIEWABLE.

On habeas corpus for the release of one confined in a penitentiary, the court will not inquire into or correct errors of law and irregularities committed by the court whose judgment is in question.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 81; Dec. Dig. § 96.*]

2. HABEAS CORPUS (§ 92*)—QUESTIONS REVIEWABLE.

Under Code Civ. Proc. § 2032, requiring the court on habeas corpus to remand the prisoner when detained by virtue of a final judgment of a competent tribunal, the court will not inquire into the legality or justice of the mandate under which the prisoner is *held*, except as the phrase includes the questions of jurisdiction or power.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 81, 83, 87–89, 92–95; Dec. Dig. § 92.*]

3. CRIMINAL LAW (§ 979*)—JUDGMENT—VALIDITY.

Jurisdiction of a court to render judgment and jurisdiction of the person of accused are prerequisites to a valid judgment in a criminal case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2486, 2487, 2490, 2491; Dec. Dig. § 979.*]

4. INDICTMENT AND INFORMATION (§ 189*)—CONVICTION OF LESSER OFFENSES INCLUDED IN THE CHARGE MADE.

Under Code Cr. Proc. §§ 444, 445, authorizing the jury on an indictment for crime consisting of different degrees to find accused guilty of any degree inferior thereto and included in the crime charged, one indicted for grand larceny may be convicted of petit larceny.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 582–595; Dec. Dig. § 189.*]

5. INDICTMENT AND INFORMATION (§ 189*) — DEGREE OF CRIME — PLEA OF GUILTY.

Under Code Cr. Proc. §§ 332–335, authorizing a plea of guilty to any lesser crime than that charged in the indictment, one indicted for grand larceny may plead guilty to petit larceny, and be sentenced therefor.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 582–595; Dec. Dig. § 189.*]

6. HABEAS CORPUS (§ 105*)—QUESTIONS REVIEWABLE—JURISDICTION.

Where the return in habeas corpus shows that relator, indicted for grand larceny, first pleaded not guilty, with leave to demur or withdraw, and that, when arraigned for trial, he withdrew the plea of not guilty and pleaded guilty to petit larceny, for which he was sentenced, and relator urges that he never withdrew his plea of not guilty or pleaded guilty of the lesser crime, the court will not determine the question in issue, but will presume that the judgment of conviction regular on its face is valid, and that the proceedings resulting in it are legal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 93, 94; Dec. Dig. § 105.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. LARCENY (§ 88\*)—PETIT LARCENY—PUNISHMENT.

Under Pen. Law (Consol. Laws 1909, c. 40) § 1937, prescribing the punishment for petit larceny at imprisonment in a penitentiary or a county jail for not more than a year, or by fine of not more than $500, or both, and Code Cr. Proc. §§ 484, 487, declaring that a judgment imposing a fine may direct imprisonment until the fine is satisfied, not exceeding one day for every dollar, etc., a sentence of imprisonment for eleven months and a fine of $500, and, in default of payment of the fine, imprisonment for a term not exceeding one day for each dollar of the fine, imposed on one convicted of petit larceny, is valid.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 214; Dec. Dig. § 88.\*]

8. HABEAS CORPUS (§ 30\*)—QUESTIONS REVIEWABLE—ERRONEOUS SENTENCE.

One pleading guilty to crime is not entitled to relief on habeas corpus because the sentence imposed is erroneous, or is one which the court has not the power to pronounce.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.\*]

Habeas corpus by the People, on the relation of Richard F. Price, against Patrick Hayes, as warden of New York County Penitentiary. Writ dismissed, and relator remanded to the custody of the warden.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Richard F. Price and Nathan B. Chadsey, for the writ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist Atty., of Brooklyn, on the brief), opposed.

WOODWARD, J. This is a writ of habeas corpus made returnable before this court to inquire into the cause of the imprisonment and detention of the relator Price in the New York County Penitentiary.

The writ of habeas corpus is regulated by the Code of Civil Procedure. By section 2016 it is provided that a person is not entitled to the writ "where he has been committed or is detained, by virtue of a final judgment or decree, of a competent tribunal of a civil or criminal jurisdiction," and by section 2019 it is prescribed that the petition must state, among other things, that the petitioner "has not been committed, and is not detained by virtue of any judgment, decree, final order, or process, specified in section 2016 of this act." If the imprisonment is alleged to be illegal, the petiton must state in what the illegality consists (section 2019), and if it appears that the prisoner is detained in custody by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, the court or judge must make a final order to remand him. Section 2032. The relator avers in his petition herein that "he is not committed or detained by virtue of any process or mandate issued by any court of the United States, or by any judge thereof, nor is he committed by virtue of any valid or legal final judgment or decree of a competent tribunal of civil or criminal jurisdiction," but that he is detained and imprisoned solely by virtue of "a certain false and void judgment of the County Court of the county of Kings, state of New

York," etc. What purports to be a copy of the judgment is set out in the petition, from which it appears that relator was convicted of petit larceny upon his own confession, and plea of guilty, under an indictment charging him with grand larceny, first degree, as a second offense, and was sentenced to the New York County Penitentiary for the term of 11 months and 29 days, and to pay a fine of $500, in default of which fine to be further imprisoned for a term not to exceed 1 day for each dollar of the fine. Relator sets forth in his petition that on June 11, 1909, he pleaded "not guilty" to the indictment, upon which he was so convicted, which plea, he avers, he "has never withdrawn, altered or changed, and which plea of not guilty does in truth and in fact still stand unaltered to this day."

It further appears from the petition that two other indictments were found against relator in November, 1909, by the grand jury of Kings county, in each of which he was charged with grand larceny in the second degree as a second offense, one of which was found upon the complaint of Hattie Christensen and the other upon the complaint of one Bockleman, and relator admits that he offered the plea of petit larceny in the Christensen matter, and avers that the offer was accepted, and that he thereafter withdrew his former plea of not guilty, and pleaded guilty to petit larceny in accordance with his offer, and that he was before that informed and believed that the indictment under which he was afterward convicted and sentenced was to be dismissed by the court. It is averred in the petition that the indictments found in November, 1909, were procured by trickery and fraud, and that they were dismissed by the court after relator was sentenced. It further appears from the petition that relator has heretofore sued out four separate writs of habeas corpus, and that in each instance the writ was dismissed and the relator remanded.

[1] Habeas corpus is not a writ of review, and errors of law and mere irregularities or errors of judgment committed by the court whose judgment, decree, or process is in question cannot be inquired into or corrected thereunder. They must be corrected by the court issuing the process, or in appellate proceedings.

[2] Persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of any execution issued upon such judgment or decree, are expressly excluded from the benefit of the writ. No inquiry into the "legality or justice" of any mandate is permitted, except as those terms include the questions of jurisdiction or power. Code of Civil Procedure, § 2032; People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 569, 19 Am. Rep. 211; People ex rel. Farrington v. Mensching, 187 N. Y. 8, 27, 79 N. E. 884, 10 L. R. A. (N. S.) 625, 10 Ann. Cas. 101; People ex rel. Scharff v. Frost, 198 N. Y. 110, 115, 91 N. E. 376, 139 Am. St. Rep. 801; People ex rel. Young v. Stout, 81 Hun, 336, 30 N. Y. Supp. 898, affirmed 144 N. Y. 699, 39 N. E. 858; People ex rel. Patrick v. Frost, 133 App. Div. 179, 185, 117 N. Y. Supp. 524. It appears from the return to the writ in this case that the relator was indicted by the grand jury of the county of Kings for the crime of

grand larceny in the first degree as a second offense. He was arraigned upon this indictment on June 11, 1909, at a term of the County Court of Kings county, and pleaded "not guilty," with leave to demur or withdraw; that at a term of said County Court held on the 7th day of March, 1910, he again appeared and withdrew his plea of not guilty, and "pleads that he is guilty of the crime of petit larceny," and by order of the county judge was remanded for judgment of sentence. It appears from an extract from the minutes of the County Court of Kings county that on the 28th day of March, 1909, relator was brought up before the county judge for sentence, and the following took place:

"Proclamation made and court opened. Indicted for grand larceny, first degree, second offense, and convicted of petit larceny upon his own confession and plea of guilty. Being personally present and sworn says: 'My true name is Richard F. Price. I am 38 years of age. I was born in Iowa. I reside at 198 Schermerhorn street. I am a reader. I am married. I can read and write. I am a Catholic. My parents are dead. I am temperate. I have been convicted of grand larceny.' Being asked if he had anything to say why the judgment of the law should not be pronounced against him, and he having nothing to say than what he hath heretofore said, the court pronounced judgment as follows: Whereupon it is ordered and adjudged by the court that the said Richard F. Price, for the offense aforesaid, whereof he is convicted, be imprisoned in the New York County Penitentiary for a term of eleven months and twenty-nine days and pay a fine of five hundred dollars. In default of payment of said fine to be further imprisoned in the New York County Penitentiary one day for each dollar of said fine."

And he was thereupon sentenced by the court to be imprisoned in the New York County Penitentiary for the term of 11 months and 29 days and to pay a fine of $500, and, in default of payment of said fine, to be further imprisoned in said penitentiary for a term not to exceed 1 day for each and every dollar of said fine. It appears from the petition that the term of imprisonment for 11 months and 29 days has expired, and the relator is now detained by reason of his default in the payment of the fine imposed. When produced upon the return of the writ, the relator made answer to the return under oath, in which he denies the validity and truth of the return of the defendant in each and every particular thereof.

It is not contended that the County Court of Kings county, by which the judgment of conviction was rendered and the sentence imposed, did not have jurisdiction of the crime charged in the indictment, or of the person of the relator, or that the court was incompetent by reason of any statutory disability of the judge who presided thereat. As to the jurisdiction of the court to pronounce judgment, the only claim is that it was without jurisdiction for the want of a plea of guilty; that the court in pronouncing judgment and sentence transcended the law, and was without jurisdiction because the relator had entered to the indictment against him his plea of not guilty, and had had no trial thereon.

[3] Jurisdiction by the court to render the particular judgment as well as jurisdiction of the person of the defendant are prerequisites to a valid judgment in a criminal action. The County Court of the county of Kings has original jurisdiction to try and determine indict-

ments found therein or sent thereto by the Supreme Court, including those for crimes punishable with death. Code of Crim. Proc. §§ 11, 39.

[4, 5] The relator having been indicted for grand larceny, a crime consisting of different degrees, he might have been convicted of a degree inferior thereto (Code Crim. Proc. § 444), or of any crime the commission of which was necessarily included in that with which he was charged (Code Crim. Proc. § 445), and therefore a jury might have found him guilty of petit larceny, or he might be sentenced therefor upon his plea of guilty. Code Crim. Proc. §§ 332–335.

[6] It appears from the return to the writ that relator first pleaded not guilty, with leave to demur or withdraw, and that, when subsequently arraigned for trial, he withdrew the plea of not guilty, and pleaded guilty to the crime of petit larceny, for which crime he was subsequently sentenced. Relator alleges that he never withdrew the plea of not guilty as charged in the indictment, or pleaded guilty of the lesser crime, and thus attempts to raise a question of fact.

This question was in issue before the court which rendered the judgment and pronounced the sentence, and its record certifying to the existence of the plea and showing clearly and indisputably the other jurisdictional facts is conclusive. By that record the jurisdiction of the court, as challenged, must be determined, and this court will not assume to go back of it to determine the disputed question of fact. People ex rel. Tweed v. Liscomb, supra; O'Donoghue v. Boies, 159 N. Y. 87, 99, 53 N. E. 537; People ex rel. Hubert v. Kaiser, 135 N. Y. Supp. 274; People ex rel. Kemmler v. Durston, 119 N. Y. 569, 24 N. E. 6, 7 L. R. A. 715, 16 Am. St. Rep. 859; People ex rel. Scharff v. Frost, supra.

It is presumed that the doings of a court of record are regular and proper, that its jurisdiction was properly acquired, that its proceedings are legal and valid, and that its decisions are well founded and free from error. The judgment in question here is regular on its face, and is fully supported by the record.

[7] It is further contended by relator that the sentence exceeds the maximum penalty allowed by law for the offense of petit larceny, and is therefore illegal and void, and that the court did not have jurisdiction or power to pronounce a sentence of imprisonment or default in the payment of the fine imposed. This contention is without merit. The punishment prescribed for petit larceny by Penal Law, § 1937, is imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not more than $500, or by both. It is prescribed by the Code of Criminal Procedure (section 484) that a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, "which cannot exceed one day for every one dollar of the fine," and by section 487, that, if the judgment be a fine and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer, and be by him detained until the judgment be complied with. The sentence and commitment are in exact accord

with these provisions of law, and the punishment prescribed thereby applies to a person convicted of petit larceny. People v. McTameney, 30 Hun, 505; Matter of Hallenbeck, 65 How. Prac. 401.

[8] But, if the sentence had been erroneous, or one which the court had not the power to pronounce, it would not entitle relator to relief by habeas corpus. People ex rel. Devoe v. Kelly, 97 N. Y. 212; People ex rel. Woolf v. Jacobs, 66 N. Y. 8; People ex rel. Scharff v. Frost, supra; People ex rel. St. Clair v. Davis, 143 App. Div. 579, 127 N. Y. Supp. 1072; People ex rel. Bretton v. Schleth, 68 Misc. Rep. 307, 123 N. Y. Supp. 686; People ex rel. v. Baker, 89 N. Y. 460.

The writ should be dismissed and relator remanded to the custody of the warden.

THOMAS and RICH, JJ., concur. BURR, J., concurs in result; JENKS, P. J., not voting.