COUNTY COURT—ERIE COUNTY,
February, 1913.


THE PEOPLE v. GEORGE FORBES.

(79 Misc. 442.)

CITY COURT OF BUFFALO—POWER TO IMPOSE ANY SENTENCE—COUNTY
    COURT OF ERIE COUNTY—CONVICTION OF ASSAULT IN THIRD
    DEGREE—LAWS OF 1910, ch. 228, § 70.

A statute (Laws of 1910, chap. 228, § 70), which vests the City
Court of Buffalo, a court not of record, with power to impose any
sentence which the County Court of Erie county may lawfully
impose in like cases, does not infringe the constitutional provision
that the right to trial by jury shall remain inviolate in all cases
in which it has been heretofore used.

Where, upon the joint trial of two defendants after the enact-
ment of said statute of 1910, both were convicted in the City Court
of Buffalo of assault in the third degree, the sentence of one to
the Erie county penitentiary for a term of sixty days and to pay
a fine of $100 is lawful, as is also a sentence to said penitentiary
for a term of ninety days and to pay a fine of $250 imposed on
the other defendant.


APPEAL from a judgment of conviction rendered in the
City Court of Buffalo against defendants.

*Wesley C. Dudley* (Clifford McLaughlin, of counsel), for
People, respondent.

*Harlow C. Curtiss*, for appellant.

TAYLOR, J.   The defendants, after a joint trial, have
been convicted in the City Court of Buffalo of assault in the
third degree.   Under this conviction the defendant Forbes
was sentenced to the Erie county penitentiary for a term
of sixty days, and to pay a fine of $100, and the defendant

Wright was sentenced to the Erie county penitentiary for a term of ninety days, and to pay a fine of $250. The defendants appeal from said judgment claiming that it is against the weight of the evidence, and that the City Court is without jurisdiction to impose a fine of more than $50, and that, therefore, the judgment is null and void, and that the defendants should be discharged.

The appellants contend that section 70 of chapter 228 of the Laws of 1910 of the state of New York, which permits the City Court of Buffalo, a court not of record, to impose any sentence which the County Court of Erie county can impose, is unconstitutional. In support of their contention the appellants rely upon section 2 of article I, and sections 18 and 23 of Article VI of the Constitution of the State of New York, and upon section 717 of our Code of Criminal Procedure. Said sections of the Constitution provide, in substance, that trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; that our legislature shall not hereafter confer upon any inferior or local court of its creation any greater jurisdiction than is conferred upon county courts; and that courts of special sessions shall have jurisdiction of offenses of the grade of misdeneamors as may be prescribed by law. Said section 717 of the Criminal Code states in part that courts of special sessions shall have no power to impose a fine of more than fifty dollars. The appellants' contention is that, inasmuch as the above-mentioned portion of our statutes of 1910 permits the City Court of Buffalo, without the right to a trial by a common law jury of twelve men, to impose as great a sentence as can be imposed by the County Court in which the right to a trial by a common law jury after indictment is guaranteed, such statute confers upon the City Court greater powers than have the County Court, and, therefore, said act is unconstitutional. The answer to this contention, it seems to me, is not hard to find.

The right to a trial by a common law jury of twelve men in courts of special sessions did not exist before our Constitution went into effect. People v. Justices of Court of Special Sessions, 74 N. Y. 406.

It follows that section 8 of article I of the Constitution, which provides that the right to trial by jury shall remain inviolate in all cases in which it has been heretofore used, creates no right which did not previously exist, and therefore does not grant to accused persons the right to a trial by a common law jury in courts of special sessions since the Constitution went into effect. People v. Dutcher, 83 N. Y. 240.

Said section 717 of the Code of Criminal Procedure, it must be noted, is not a constitutional provision, but a mere act of the legislature specifying the power of courts of special sessions in the matter of sentencing. The said act of 1910 simply amplifies such power in one of said courts, but not to an extent greater than that enjoyed by the County Court; and, since the legislative act is not *ex post facto* as to the case at bar, I cannot see why it is not constitutional. For while it may result in depriving a citizen of liberty, no one can successfully argue that it is not "due process of law." No constitutional or other vested right is taken away.

I believe further comment to be unnecessary. To recapitulate: the legislature in passing this act of 1910 did not act in contravention of the state Constitution by conferring on the City Court of Buffalo "any greater jurisdiction than that conferred upon county courts" (New York Const., art. VI, § 18), if my understanding of the meaning of the word "jurisdiction" is correct; the legislature did not take away any existing right to a trial by common law jury, for no such right ever existed in courts of special sessions as to assault in the third degree; courts of special sessions have exclusive jurisdiction over assault, third degree, with the exception

of the removal provision contained in section 57 of the Code of Civil Procedure and since this removal is not a matter of right, but discretionary with the superior judge or justice, there is not—and never was—any vested right to be tried for assault, third degree, by a common law jury; the said act of 1910 is not *ex post facto*, and it is "due process of law." The conclusion I reach has support in the opinion handed down in Matter of Hallenback, 65 How. Pr. 401. This opinion holds that, in spite of the provisions of section 717 of the Code of Criminal Procedure, the Court of Special Sessions of the city of Albany, under a special statute, has a right to fine to the extent of $500 one who has committed the crime of petit larceny.

While the testimony upon which the conviction is based is not of the most convincing nature, I find that the judgment is not sufficiently against the weight of the evidence to warrant a reversal or a new trial. McDonald v. Dunbar, 114 App. Div. 306.

Therefore, the judgment of conviction is affirmed as to both defendants.

Judgment affirmed as to both defendants.