■ In the Matter of FAY SMOKLER, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, Appellant.— In a proceeding to review a determination of the State Rent Administrator, made July 30, 1959, which denied the petitioner landlord's protest to 13 orders of the Local Rent Administrator establishing maximum rents for 13 apartments on the basis of a new service or facility consisting of assigned outdoor parking space, the State Rent Administrator appeals from an order of the Supreme Court, Queens County, dated February 10, 1960, annulling his said determination and declaring that such parking facilities are not subject to the Emergency Rent Control Laws of the State and to the regulations thereunder. Order affirmed, with costs. No opinion. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD J. ADAMSON, Appellant.— Defendant appeals from an order of the County Court, Kings County, dated April 20, 1960, denying, without a hearing, his *coram nobis* application to vacate a judgment of the same court, rendered September 7, 1954, convicting him, on his plea of guilty, of robbery in the first degree, unarmed, and sentencing him to serve a term of 15 to 30 years. Order affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BRYANT, Appellant.— Appeal by defendant from a judgment of the County Court, Richmond County, rendered February 25, 1957, after a jury trial, convicting him of robbery in the first degree, burglary in the first degree and other crimes, and sentencing him to serve consecutive terms of 15 to 30 years on the robbery count and 15 to 30 years on the burglary count. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER W. CANTIE, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered April 29, 1960, convicting him, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to serve a term of 10 to 20 years. Reargument ordered on the question of whether the delay in trial from July 2, 1959 to March 21, 1960, constituted a deprivation of defendant's right to a speedy trial, requiring dismissal of the indictment. This appeal is ordered on the calendar of February 6, 1961 for reargument. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY WEEKS, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Nassau County, rendered June 26, 1959, convicting him, after a jury trial, on two counts of forgery in the second degree, and sentencing him (after the filing by the District Attorney of an information charging defendant with two prior felony convictions) to serve a term of 5 to 7½ years on each count, the sentences to run concurrently; and (2) from every intermediate order. Judgment affirmed. Although some of the comments of the prosecutor were improper, it is our opinion that the verdict was not influenced thereby and that reversal is not required, in view of the fact that defendant's guilt was clearly established. (Code Crim. Pro., § 542; cf. *People* v. *Maimone,* 9 A D 2d 780, affd. 7 N Y 2d 998.) No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.