UNITED STATES of America ex rel. Isidore KAGANOVITCH, Relator-Appellant,

v.

Walter H. WILKINS, Warden of Attica Prison, State of New York, Respondent-Appellee.

No. 376, Docket 27502.

United States Court of Appeals Second Circuit.

Argued June 13, 1962.

Decided July 10, 1962.

Noah Seedman, Brooklyn, N. Y., for relator-appellant.

Mortimer Sattler, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., for respondent-appellee.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Isidore Kaganovitch, now serving an indeterminate sentence (one day to life) in Attica Prison resulting from a conviction for assault in the second degree with intent to commit sodomy, §§ 242, 243, N.Y.Penal Law, petitioned the Unit-

ed States District Court for the Western District of New York, Henderson, J., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleged that the assault conviction was unconstitutional on the grounds that (a) the count of the indictment upon which Kaganovitch entered a plea of guilty was vague and misleading in that it failed to specify the "intent" element with sufficient particularity, and (b) the indeterminate sentence, as applied to the crime for which he was convicted, constituted cruel and unusual punishment. From a denial of his petition and a motion for reargument Kaganovitch takes this appeal.[1]

■ Appellant, with the assistance of counsel, has already litigated the questions presented here in the state courts. His efforts were unsuccessful there. Appellant failed, however, to apply for certiorari to the Supreme Court for review of the state court decisions. In Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), it was held that federal habeas corpus does not lie when the petitioner fails to exhaust all of his state remedies, and that the exhaustion requirement includes an application for certiorari to the Supreme Court. Appellant's failure to •make the application is therefore sufficient to preclude this collateral attack on his conviction. There are no facts alleged in the petition which would justify an exception to the rule of Darr v. Burford, supra; and Judge Henderson correctly refused to consider the merits of the petitioner's constitutional claims.

■ Moreover, petitioner's claims are manifestly without merit. The count of the indictment to which he pleaded guilty charged second degree assault of one Leroy Lewis "with intent to commit upon him the crime of sodomy." Kaganovitch states that he thought he was pleading guilty to second degree assault with intent to commit "misdemeanor" sodomy.[2] Therefore, he argues that he could only be sentenced to the maximum 5 year imprisonment prescribed for that offense; and that he should also be eligible for first offender relief under Section 2189, N.Y.Penal Law. But the count of the indictment necessarily referred to an intent to commit first degree sodomy, to which the indeterminate sentence provision of Section 243 applies. Kaganovitch was charged with assault; and first degree sodomy is committed whenever an unnatural act is sought to be accomplished with force. Section 690(2), N.Y. Penal Law.

■■ Appellant also would have this Court hold that an indeterminate sentence, one day to life, is cruel and unusual punishment, violating the 14th Amendment as it applies the prohibition of the 8th Amendment against the states. While it is true that a state may not impose cruel and unusual punishment, Robinson v. California, 82 S.Ct. 1417 (June 25, 1962), the medical and parole regulations which form an integral part of petitioner's indeterminate sentence suggest modern and scientific rehabilitative treatment rather than the proscribed punishment. See Mental Hygiene Law, § 11–a; Corr.Law §§ 148, 149, 214.[3]

Affirmed.

---

1. This Court granted a certificate of probable cause and leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915.

2. "A person who carnally knows any male or female person by the anus or by or with the mouth * * * under circumstances not amounting to sodomy in the first degree or sodomy in the second de-

gree is guilty of a misdemeanor." § 690, N.Y.Penal Law.

3. Petitioner does not allege that New York is applying the indeterminate sentence in a manner discriminating against him, i. e., that the medical and parole regulations are not being followed in his particular case.