The **UNITED STATES** of America ex rel. Henry P. **BRYANT**, Relator-Petitioner,

v.

**Hon. Edward M. FAY, Warden, Green Haven State Prison, Respondent.**

United States District Court
S. D. New York.

Nov. 21, 1962.

Henry P. Bryant, Stormville, N. Y., pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Vincent A. Marsicano, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

The petitioner, now confined at Green Haven State Prison, Stormville, New York, applies for a writ of habeas corpus, contending that the judgment of conviction and the sentence imposed thereunder are in violation of the due process clause of the Fourteenth Amendment.

The defendant was found guilty by a jury of robbery in the first degree, burglary in the first degree and other crimes. The Trial Court imposed a sentence of fifteen to thirty years upon the burglary count and fifteen to thirty

years under the robbery count, to run consecutively. Upon appeal to the Appellate Division, Second Department, the judgment of conviction was unanimously affirmed on December 19, 1960.[1] Thereafter, on January 31, 1961, leave to appeal to the New York State Court of Appeals was denied. The petitioner then applied to the Supreme Court of the United States for writ of certiorari, which was denied.[2]

In addition to the foregoing direct attack upon the judgment of conviction, the petitioner moved in April, 1961 for a writ of error coram nobis in the County Court, Richmond County, where he had been convicted. His application was denied without a hearing, and upon appeal was affirmed by the Appellate Division on January 29, 1962. It is clear that the petitioner has exhausted all available remedies and his application for a writ of habeas corpus is properly before this Court.

■ The basic contentions of the petitioner are that he was subjected to double jeopardy contrary to the Fifth, and to cruel and unusual punishment in violation of the Eighth, Amendments of the Federal Constitution, the protection of which he was entitled to against State action under the Fourteenth Amendment. The Court finds that there is no substance to either contention and that petitioner was not deprived of his Federally protected constitutional rights.

The essential facts upon which the conviction was predicated were that petitioner and two others had broken into a home, there assaulted two individuals, inflicted upon them grievous bodily injuries and robbed them of certain property. The claim of double jeopardy rests upon the contention that the prosecution of the burglary and robbery charges and the imposition of separate and consecutive sentences amounted to double punishment for the same act.

■ New York State Penal Law, McKinney's Consol.Laws, c. 40[3] provides that a person who, during the course of a burglary, commits any other crime on the burglarized premises may be prosecuted therefor either separately or in the same indictment. The Penal Law also creates and defines burglary in the first degree and robbery in the first degree as separate and entirely distinct crimes.[4] In the instant case a single indictment charged the petitioner and his codefendants under various separate counts with burglary, robbery and assault. It is clear that not only were the crimes charged not the same under New York law, but that the charges as contained in the separate counts came within the framework of section 406. Each count under which relator was prosecuted and sentenced represented a distinct and separate crime, the essential elements of which required proof of different facts. The power of the State to prosecute and punish for such separate and distinct crimes, even though in part the same operative facts support each charge, is as undoubted as the power of the Federal Government to separate and to punish separately conspiracy to commit a crime and the substantive crime itself where some of the overt acts charged in the conspiracy count are the same as those charged in the substantive count.[5] There is no basis for the claim of double jeopardy.[6]

The relator makes the further claim that even if he were not subjected to

1. People v. Bryant, 12 A.D.2d 654, 210 N.Y.S.2d 800 (1960).

2. 366 U.S. 976, 81 S.Ct. 1945, 6 L.Ed.2d 1265 (1961).

3. "§ 406. Punishment for separate crime committed in building by burglar
"A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary; and may be prosecuted for each crime, separately, or in the same indictment."

4. New York State Penal Law, §§ 400, 402, 2120, 2124.

5. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). See Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

6. See generally Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937).

double jeopardy, the separate and cumulative sentences imposed upon him constituted cruel and unusual punishment under the circumstances of this case— that even if within permissible limits, they are disproportionate to the offense.

■ The Eighth Amendment, prohibiting cruel and unusual punishment, is applicable to the states by virtue of the due process clause of the Fourteenth Amendment.[7] New York State provides that where one is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment, the Court may impose a separate sentence on each count of which he is convicted and order that the sentences be served concurrently or consecutively.[8] In the instant case, the defendant having been convicted of ten felony counts and one misdemeanor count contained in the single indictment, the Court imposed consecutive sentences upon two counts, the burglary and robbery charges. Each separate sentence was for a term of not less than fifteen years nor more than thirty years. Each was within the limits of the punishment authorized under the respective burglary and robbery statutes, an indeterminate sentence, the range of which was ten to thirty years.[9]

■■ Ordinarily where a sentence is within the statutory limit, which itself is constitutional, it will not be regarded as cruel and unusual.[10] In this instance no attack is made upon the term of imprisonment authorized by the Legislature and, indeed, considering the nature of the

offenses, no such attack could successfully be maintained.[11] The relator, however, attacks the consecutive sentences totalling thirty to sixty years upon the ground that they are so disproportionate to the offenses as to come within the ban of the Eighth Amendment against "cruel and unusual punishment."

But even assuming that this Court has power to review, upon a claim of cruel and unusual punishment, the term of a sentence imposed when it is within the range of punishment authorized by a state statute which itself does not offend constitutional prohibitions, a brief reference to the facts establishes the lack of substance to petitioner's claim.[12] It appears that during the course of the burglary two inhabitants of the burglarized home were so savagely attacked that only the strength of one of them, which enabled him to survive, saved the defendant from a homicide charge. It also appears that while awaiting trial the relator, in an attempt to escape, shot a correction officer and a policeman. A presentence report submitted to and considered by the sentencing judge indicated substantial prior criminal conduct in other jurisdictions, including convictions for attempted sexual assault, atrocious assault and battery, assault, larceny and mail theft. It was not only appropriate, but required, that the sentencing court, in determining the proper punishment to be meted out to the relator, take all factors into account favorable or unfavorable which touched upon his life, conduct, character

---

7. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 578 (1962); United States ex rel. Kaganovitch v. Wilkins, 305 F.2d 715 (2d Cir. 1962).

8. New York State Penal Law, "§ 2190. Sentence on two or more convictions of two or more offenses

    *      *      *      *      *

  4. Where a person is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment or information, or in separate indictments or informations consolidated for the purposes of trial, the court may impose a separate sentence for each offense of which he is so convicted, and the court may order such sen-

tences or any of them, if imprisonment is imposed, to be served concurrently or consecutively."

9. New York State Penal Law, §§ 407 and 2125.

10. See, e. g., Smith v. United States, 273 F.2d 462, 468 (10th Cir. 1959), and cases cited therein, cert. denied, 363 U.S. 846, 80 S.Ct. 619, 4 L.Ed.2d 1729 (1960).

11. See Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

12. See United States v. Rosenberg, 195 F.2d 583, 607–609 (2d Cir.) (Frank, J., concurring), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687 (1952).

815

and attitudes.[13]  Under all the circumstances, there is no basis for the claim that the sentences imposed constituted cruel and unusual punishment.

Accordingly, the application for the issuance of a writ is denied.

13.  See Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).