Reid S. Moule, J.
The relator is presently detained in the Erie County Penitentiary by virtue of a judgment of conviction had in the City Court of Buffalo on the 26th day of March, 1962. It appears that the relator was tried and convicted in that court upon a charge of petit larceny and was sentenced to a term of one-year imprisonment and to pay a $500 fine. The certificate of conviction on the fine provided that the relator, in default of payment of such fine, should be imprisoned one day for every dollar so fined. The certificate of conviction on the imprisonment directs that credit be allowed against the sentence for 100 days’ jail time.
Although the entry in the docket book does not indicate that the relator in default of payment of the fine was to be imprisoned one day for every dollar fined, the certificate of conviction controls. (Code Grim. Pro., § 724.)
Following the commencement of service of this sentence, the relator was convicted of petit larceny in the Erie County Court and there sentenced on the 2nd day of July, 1962 to imprisonment for one year, which term was to be served concurrently with that earlier imposed in the City Court of Buffalo.
Leaving aside the possibilities of discretionary reductions of the sentences, the County Court sentence, by its terms, ended on July 2, 1963. It is the claim of the relator that the sentence pronounced upon him by the County Court ran concurrently *963 not only with the term of imprisonment imposed in the City Court of Buffalo but also with the time served in default of payment of the $500 fine.
It has been held, however, that the direction that a defendant stand committed until his fine be paid is not a necessary part of the sentence but only a means of enforcing collection of the sum imposed. (City of Buffalo v. Murphy, 228 App. Div. 279.) Whether that means of collection is used is a matter solely within the discretion of the court. (People ex rel. Sedotto v. Jackson, 307 N. Y. 291.) The coercive nature of this detention is demonstrated by the language of section 484 of the Code of Civil Procedure, which authorizes imprisonment “ until the fine be satisfied ’’. It has been held in this court that such a direction mandates imprisonment until the whole fine is paid or until the prisoner has served the whole number of days for which he was committed (People ex rel. Fitzgerald v. Redman, Supreme Ct., Erie County, Nov. 16, 1962, Marsh, J.).
Obviously, there would be no coercive element in detention under such a direction if the prisoner was at the same time serving out another sentence. It is when he is otherwise free to go that further confinement becomes effective in aid of collection. The wisdom or efficacy of such measures is not a question open here. The only issue now determined is whether or not the respondent’s detention of the relator is lawful. Since I conclude that it is, the writ must be dismissed and the relator remanded to the custody of the respondent.