239 F.Supp. 118 (1965)
UNITED STATES of America ex rel. John PRIVITERA, Petitioner,
v.
Honorable Anna M. KROSS, Commissioner of the Department of Correction of the City of New York, and the People of the State of New York, Respondents.
United States District Court S. D. New York.
March 10, 1965.
Anthony F. Marra, New York City, for petitioner, Matthew S. Muraskin, Joshua N. Koplovitz, New York City, of counsel.
Frank S. Hogan, Dist. Atty., New York County, New York City, for respondents, Eric A. Seiff, Asst. Dist. Atty., of counsel.
*119 WEINFELD, District Judge.
The petitioner, now imprisoned under a state court judgment of conviction for illegal possession of policy slips, seeks his release upon a Federal writ of habeas corpus. He contends that the state-imposed sentence violated his Federal rights to the equal protection of the laws under the Fourteenth Amendment, and against excessive fines under the Eighth Amendment.
Upon his conviction in the New York City Criminal Court in January 1963, petitioner was sentenced to imprisonment for thirty days and fined $500, or sixty days' additional imprisonment in the event of nonpayment. His appeal challenging the sufficiency of the evidence failed and his application for leave to appeal to the Court of Appeals was denied. He then sought remission of the fine[1] on the ground that at the time of sentence he was without funds or the means to pay the fine, that the sentencing judge failed to make any inquiry as to his ability to pay, and that, since his state of indigency continued, imprisonment for nonpayment of the fine would violate his Federally protected rights under the Eighth and Fourteenth Amendments. The State Supreme Court denied, without opinion, this motion for collateral relief.[2]
Petitioner then entered upon the service of his sentence. He has already completed the thirty-day term and now continues in confinement for nonpayment of the fine, a circumstance which he alleges is due solely to his indigency.
The essence of his Federal constitutional claim is twofold: First, that when a state imposes a fine beyond the ability of a defendant to pay, with imprisonment for nonpayment as an alternative, it violates the Eighth Amendment proscription of "excessive fines."[3] Second, that his Fourteenth Amendment right to the equal protection of the laws is also violated since he is being imprisoned for an additional sixty days solely by reason of his inability to pay the fine, whereas another defendant, similarly sentenced, but with the means to pay the $500 fine, could gain his immediate release  that a sentence so imposed is as to him invidiously discriminatory. The Court finds there is no substance to either contention.
The offense for which petitioner was convicted is a misdemeanor[4] punishable by not more than a year in prison or not more than a fine of $500, or both.[5] *120 Thus, had the trial judge, in the exercise of his virtually unreviewable discretion,[6] sentenced petitioner to imprisonment for one year without imposing a fine, no Eighth Amendment claim could have been raised. Under the sentence actually imposed the total term of defendant's imprisonment cannot exceed ninety days  assuming nonpayment of the fine. His constitutional claim is not strengthened by the circumstance that a portion of this shorter term results from the inability to pay a fine. If, as must be conceded, a sentence of one year, within the permissible statutory limit, would not offend constitutional safeguards,[7] it must follow that the sentence actually imposed fails to "shock the conscience,"[8] so as to require that it be overturned. Indeed, if, as the state suggests, and petitioner does not deny, he has a prior record of convictions for similar offenses, the sentence was indeed moderate.
Petitioner's equal protection argument likewise fails to take into account the trial judge's discretion to have imposed a jail term in excess of that actually meted out. Wholly beside the point is his contention that whereas lack of funds compels him to remain incarcerated for another sixty days, another defendant, possessed of $500, convicted of the same crime and similarly sentenced, could effect his immediate release. The sentence was not imposed upon petitioner because he was indigent; it was visited upon him because he had committed a crime. And once convicted, petitioner has no constitutional right that another defendant, no matter what his economic status, rich or poor, receive the same sentence for the same offense.[9] Factors appropriate for the court's consideration on the sentencing question, such as a defendant's background, prior record of criminal and antisocial conduct or the absence thereof, and rehabilitation prospects, to mention but a few, vary from individual to individual and justify different sentences for the same offense. As Mr. Justice Black wrote in Williams v. People of State of New York,[10] the modern view is "that the punishment should fit the offender and not merely the crime. * * The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." Since sentences are individualized, it serves no useful purpose to compare the sentence of this defendant with that of another, hypothetical defendant.
No different conclusion is required by the line of cases beginning with Griffin v. People of State of Illinois.[11] Those decisions making review of criminal *121 convictions available to the indigent have not yet been construed to compel government, State or Federal, to eradicate from the administration of criminal justice every disadvantage caused by indigence.[12] Even if they indicate a doctrinal trend, this particular case is an unsuitable vehicle for assaying their impact on sentencing. Should this Court accept petitioner's position that a state may not impose fines on those unable to pay, so long as the penalty for default is imprisonment, it must necessarily remand him. That he might then draw a straight jail term of ninety days, or longer, demonstrates how illusory is the "right" here pursued. Moreover, acceptance of petitioner's position may well lead to longer sentences, as well as to imprisonment for offenses now punishable by fine alone.
It should be noted that the issues raised by petitioner would be more starkly presented in Federal constitutional terms had he been sentenced, as some defendants have,[13] to the maximum permissible jail term and fined $500, default to result in additional imprisonment of up to 500 days, or sentenced under a statute calling for a straight fine.[14] But this is not such a case. In the light of this disposition, New York procedure for the remission of fines need not be considered here.[15]
The writ is denied.
NOTES
[1] See N.Y. Code Crim.Proc. § 484. The same section provides imprisonment for nonpayment of a fine imposed "which cannot exceed one day for every one dollar of the fine."
[2] The remission proceeding appears to be nonappealable in that § 484 expressly confines the remedy to the sentencing judge.
[3] The "cruel and unusual punishment" clause of the Eighth Amendment has been applied to the states. Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); cf. Rudolph v. Alabama, 375 U.S. 889-891, 84 S.Ct. 155, 11 L.Ed.2d 119 (1963) (dissenting opinion); United States ex rel. Bryant v. Fay, 211 F.Supp. 812 (S.D.N.Y.1962), cert. denied, 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79 (1963). But cf. Packer, "Making the Punishment Fit the Crime," 77 Harv.L.Rev. 1071 (1964). And one Court of Appeals has assumed that the Amendment's "excessive bail" clause is equally applicable. Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L. Ed.2d 982 (1964); Pilkinton v. Circuit Court, 324 F.2d 45 (8th Cir. 1963). For the purposes of this petition, this Court makes a similar assumption with respect to "excessive fines."
[4] N.Y. Penal Law § 975.
[5] N.Y. Penal Law § 1937. Under this provision it has been held that a sentence of eleven months and twenty-nine days and a fine of $500, in default of which defendant was to be further imprisoned for a term not to exceed one day for each dollar of said fine was valid. People ex rel. Price v. Hayes, 151 App.Div. 561, 136 N.Y.S. 854 (2d Dep't 1912). See also, People ex rel. Crockett v. Redman, 41 Misc.2d 962, 246 N.Y.S.2d 861 (Sup.Ct. 1964).
[6] See Williams v. State of Oklahoma, 358 U.S. 576, 586, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1948); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Rosenberg, 195 F.2d 583, 603-609 (2d Cir.), cert. denied, 344 U.S. 838, 73 S. Ct. 20, 97 L.Ed. 687 (1952); United States ex rel. Bryant v. Fay, 211 F.Supp. 812, 814 (S.D.N.Y.1962).
[7] Cf. United States v. Lester, 328 F.2d 971, 972 (2d Cir.1964).
[8] Cf. State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 473, 67 S.Ct. 374, 91 L.Ed. 422 (1947) (dissenting opinion).
[9] United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y.1964). Cf. United States ex rel. Bryant v. Fay, 211 F.Supp. 812, 814 (S.D.N.Y.1962). See also, Kadish, "Legal Norm and Discretion in the Police and Sentencing Processes," 75 Harv.L.Rev. 904 (1962).
[10] 337 U.S. 241, 247-248, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).
[11] 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). See also, Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961); Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Note, The Supreme Court, 1962 Term, 77 Harv.L.Rev. 62, 105-08 (1963).
[12] See Norvell v. State of Illinois, 373 U.S. 420, 83 S.Ct. 1336, 10 L.Ed.2d 456 (1963); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2d Cir.1964) (no absolute right to appointment of counsel on habeas corpus petitions); United States ex rel. Combs v. Denno, 231 F.Supp. 942, 945 (S.D.N.Y.1964); Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964) (may impose bail on those without funds); Pilkinton v. Circuit Court, 324 F.2d 45 (8th Cir. 1963); Stern & Gressman, Supreme Court Practice 219 (3d ed. 1962) (no right to appointment of counsel on petition for certiorari).
[13] See People ex rel. Crockett v. Redman, 41 Misc.2d 962, 246 N.Y.S.2d 861 (Sup. Ct.1964); People ex rel. Price v. Hayes, 151 App.Div. 561, 136 N.Y.S. 854 (2d Dep't 1912).
[14] Cf. Wildeblood v. United States, 109 U.S.App.D.C. 163, 284 F.2d 592, 594 (D. C.Cir.1960) (dissenting opinion); Goldberg, "Equality and Governmental Action," 39 N.Y.U.L.Rev. 205, 221 (1964).
[15] Compare 18 U.S.C. § 3569, permitting one incarcerated for nonpayment of a fine to obtain his release after thirty days upon a sufficient showing of poverty; ALI, Model Penal Code § 302.2 (Proposed Final Draft No. 1, 1961), providing for imprisonment in the event of default only where a defendant has failed "to make a good faith effort to obtain the funds required for the payment" or is otherwise contumacious. But cf. H.M. Treasury v. Harris, [1957] 2 Q.B. 516 (Lord Goddard, C.J.).