**DORSEY v. PEAK, Superintendent of the Washington Asylum and Jail.**

Court of Appeals of District of Columbia.

Submitted February 7, 1928. Decided March 5, 1928.

No. 4650.

Automobiles ⊚⟹359—Sixty-day jail sentence on default in payment of fine for changing name on motor vehicle operator's permit held authorized (Traffic Act 1925, §§ 4, 6 [b]; 43 St. 1119).

In prosecution for changing name of licensee on motor vehicle operator's permit, sentence to pay fine of $275 and in default to be committed to jail for 60 days *held* not in excess of court's jurisdiction, under Traffic Act 1925, §§ 4, 6 (b), 43 Stat. 1119 notwithstanding regulation promulgated under statute limited imprisonment without fine, or in addition to fine, to 10 days, in view of sections 7, 7 (e), and 8.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceeding by Theodore R. Dorsey against William L. Peak, Superintendent of the Washington Asylum and Jail. From a judgment dismissing the petition, petitioner appeals. Affirmed.

C. F. Johnson and J. S. Phelan, both of Washington, D. C., for appellant.

W. W. Bride and E. W. Thomas, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District dismissing a petition for habeas corpus.

Dorsey, petitioner below, appellant here, pleaded guilty in the police court of the District to a charge of changing the name of a licensee appearing on a motor vehicle operator's permit, whereupon he was adjudged guilty and sentenced to pay a fine of $275, and in default to be committed to the Washington Asylum and Jail for 60 days. He failed to pay the fine, and was committed.

It is the contention of appellant that, under the provisions of the Traffic Act of 1925 (43 Stat. 1119), the sentence imposed was in excess of the jurisdiction of the court. That is the sole question involved in this appeal. See Posey v. Zinkham, 47 App. D. C. 293; Shore v. Splain, 49 App. D. C. 6, 258 F. 150.

Under section 6 (b) of the Traffic Act (43 Stat. 1121) there is a grant of authority "to make reasonable regulations with respect to * * * the issuance and revocation of operators' permits, and such other regulations with respect to the control of traffic in the District not in conflict with any law of the United States as are deemed advisable, which regulations shall remain in force until revoked by the director with the approval of the commissioners," and to prescribe "reasonable penalties of fine, or imprisonment not to exceed ten days in lieu of or in addition to any fine, for the violation of any such regulation." In pursuance of this grant of authority, there was promulgated the following regulation:

"*Article 6, Section 7, Operators' Permits.* (e) Any person who obtains or attempts to obtain a motor vehicle operator's permit by misrepresentation, or who permits a motor vehicle operator's permit to be used by any person other than the one to whom issued, or who changes the name of the licensee appearing on any such permit, or who makes any other alteration on such permit, shall be fined not less than $25, nor more than $300, or imprisonment not to exceed 10 days."

Section 4 of the Traffic Act (43 Stat. 1120) provides, inter alia, that "in all cases where the said court [police court] shall impose a fine it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year."

It is appellant's contention that his commitment was "in lieu of or in addition to" his fine, and therefore that under the provisions of section 6 (b) the police court was without authority to sentence him to imprisonment in excess of 10 days.

We are unable to accept this view. Under the express provisions of section 4, already quoted, the court was granted authority to commit a defendant for a term not to exceed one year "in *default* of the payment of the fine imposed." It is plain that the statute distinguishes between the failure of a defendant to pay his fine (that is, a default in its payment) and a case where he has been sentenced "in lieu of or in addition to any fine." In other words, where a defendant is sentenced to imprisonment without the option of paying a fine (that is, in lieu of the fine), he may not be sentenced in excess of 10 days, or, if fined and also sentenced to imprisonment, the *additional* sentence of imprisonment may not be in excess of ten days.

Other sections of the Traffic Act add cogency to this view. Thus, under section 7 (43 Stat. 1121), relating to "Operators' Permits," each operator's permit must state

the name and address of the holder, contain his signature, and space for the notation of convictions for violations of the traffic laws. The holder of such a permit is required to have it in his immediate possession when operating a motor vehicle and exhibit the same to any police officer when demand is made therefor. Failure to comply with this particular provision is made an offense. Section 7 (e) reads as follows: "No individual shall operate a motor vehicle in the District, except as provided in section 8, without having first obtained an operator's permit issued under the provisions of this act. Any individual violating any provision of this subdivision shall, upon conviction thereof, be fined not more than $500 or imprisoned for not more than one year, or both." It is apparent that any one operating a motor vehicle in virtue of a fictitious permit would be liable to the penalties imposed by this subdivision; that is, to a fine of not more than $500 or imprisonment for not more than one year, or both.

The regulations in question, therefore, supplemented the express provisions of the statute and are reasonable. See Smallwood v. District of Columbia, 57 App. D. C. 58, 17 F.(2d) 210; District of Columbia v. Wheeler, 57 App. D. C. 106, 17 F.(2d) 953.

Judgment affirmed, with costs.

Affirmed.