Jacob Morris HANKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 1744.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 30, 1956.

Decided Feb. 17, 1956.

Eugene J. Schubert, Washington, D. C., for appellant.

E. Tillman Stirling, Asst. U. S. Atty., with whom Leo A. Rover, U. S. Atty., Lewis Carroll and Richard J. Snider, Asst. U. S. Attys., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

On January 5, 1955, after conviction appellant was sentenced by the trial court on a charge of possessing and selling obscene literature and pictures in violation of D.C. Code 1951, § 22–2001. He was given a sentence of one year and a fine of $300 and in default of payment was to be imprisoned for an additional year. The penalty provided for this offense is a fine of not less than $50 nor more than $500, or imprisonment for not more than one year, *or both*. Sections 11–606 and 11–616 also provide that in all cases where the court shall impose a fine, it may, in default of payment, commit the defendant for such term as it thinks proper, not to exceed one year.

There is no contention that defendant was denied any constitutional right, that the court was without jurisdiction to impose the sentence, or as to other matters which could have been raised on appeal. From the record it appears that defendant's only contention is that the sentence imposed in default of payment of the fine was too severe and he requests this court to reduce it to ninety days. This we cannot do. As stated in Peeples v. District of Columbia, D.C.Mun.App., 75 A.2d 845, the statute gives broad discretion in imposing imprisonment in default of payment of fine. From a review of the record we fail to find any abuse of this discretion.

Affirmed.