**Doris HENDERSON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 3141.**

District of Columbia Court of Appeals.

Argued Feb. 25, 1963.

Decided March 21, 1963.

---

William J. Garber, Washington, D. C., for appellant.

Max Frescoln, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Robert D. Devlin, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Judge.

Following conviction of soliciting for prostitution appellant was sentenced to 90 days in jail and fined $250; and in default of payment of such fine she was to serve an additional 30 days. The question here is the legality of the sentence.

■ Appellant first asserts that the court may not fix an alternative term of imprisonment for nonpayment of a fine where the maximum prison sentence has already been imposed. Our Code 1961, § 22–2701, defines the crime of soliciting prostitution and provides a penalty of "not more than $250 or imprisonment for not more than ninety days, *or both.*" Section 11–715a authorizes the court to commit a defendant in default of payment of a fine to a prison term not to exceed one year. The former statute provides the punishment and the latter provides a means of enforcing the punishment. Peeples v. District of Columbia, D.C.Mun. App., 75 A.2d 845.

■ It has repeatedly been held that an alternative sentence of imprisonment for failure to pay a fine is not to be considered as part of the penalty for the crime.[1] The distinction is that one must serve the primary sentence imposed but can avoid imprisonment under an alternative sentence by payment of the fine. While we have warned that alternative sentences should not be used as a guise for meting out longer prison terms than may be imposed as straight imprisonment, we have said that such sentences are largely discretionary. Peeples v. District of Columbia, supra; see also, Hankins v. United States, D.C.Mun. App., 120 A.2d 590.

Appellant's next contention is that *if* she were an indigent the alternative sentence coupled with the primary sentence was tantamount to a prison sentence in excess of that authorized as a penalty. Therefore, she urges, the court should, as part of the sentencing procedure, inquire into the ability of the defendant to pay the fine.

■ The matter of presentence investigation lies within the discretion of the trial court. United States v. Williams, 3d Cir., 254 F.2d 253. No statute or rule required the court to make such an investigation and unless the sentence reveals an abuse of discretion we must affirm. Gaston v. United

---

1. Wildeblood v. United States, 109 U.S. App.D.C. 163, 284 F.2d 592; Perlich v. District of Columbia, D.C.Mun.App., 90 A.2d 227; Peeples v. District of Columbia, D.C.Mun.App., 75 A.2d 845; Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562; Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710; Yeager v. District of Columbia, D.C.Mun. App., 33 A.2d 629.

States, D.C.Mun.App., 34 A.2d 353, affirmed, 79 U.S.App.D.C. 37, 143 F.2d 10, cert. denied 322 U.S. 764, 64 S.Ct. 1286, 88 L.Ed. 1591.

The record reveals nothing as to appellant's financial resources and she does not claim inability to pay the fine. There is nothing to indicate that the trial court used the alternative sentence to accomplish an imprisonment for a term longer than that permitted by the statute.

Affirmed.