Edward M. O’Gorman, J.
The defendant was convicted in a Court of Special Sessions of the Village of Goshen of the crime of assault in the third degree, and was thereafter sentenced to 11 months and 29 days in the County Jail and, in addition, to pay a fine in the amount of $250. In default of the payment of this fine, the defendant was further sentenced to spend one day in jail for each $1 of the fine unpaid.
*211 Defendant now appeals, on the ground that this sentence as applied to him is illegal and unconstitutional, because defendant is an indigent person and unable to pay any fine imposed upon him. The indigency of the defendant has not been contested, and he is represented by the Legal Aid Society on this appeal. There has been no issue raised as to whether or not the sentence imposed was excessive, in the light of the circumstances involved in the commission of this particular offense.
The People contend that the sentence is a valid exercise of the power vested in the Justice of the Peace by the State Legislature, and that the imposition of the additional fine was within the discretion of the sentencing Judge.
The cases on this subject are not numerous, and their review at this time, in the search for a solution to the question here presented, would seem to be warranted.
The Legislature has specifically vested in the sentencing Judge the power to impose a fine not exceeding $500 or a jail term not to exceed one year, or both, as a penalty for the crime of assault in the third degree (Penal Law, § 245).
The sentencing court may also provide that a defendant convicted of violating said section may be detained in jail until a fine is paid, for a period of time not to exceed one day for each $1 of the fine unpaid (Code Crim. Pro., §§ 484, 718).
Such additional detention after a maximum sentence, upon the defendant’s failure to pay the fine, has been sanctioned, not as a continuation of the period of imprisonment pursuant to the sentence, but rather on the specific ground that it is an effective means to enable the court to enforce the collection of the fine which the defendant was obligated by the sentence to pay. This underlying principle was very clearly stated by Judge Lewis in Matter of McKinney v. Hamilton (282 N. Y. 393, 397-398) as follows: 1 ‘ The commitment authorized by section 718 for failure to pay a fine does not increase the penalty specified in the criminal statutes [Code Grim. Pro.] to which it is applicable. It follows only upon a defendant’s failure to pay the fine and is a means of bringing about collection of the same.” (See, also, City of Buffalo v. Murphy, 228 App. Div. 279.)
The detention in prison of one who is able to pay a fine and who refuses to do so, does not seem to be an inappropriate exercise of the power of the State, and the duration of the detention can truly be said to be within the control of the defendant.
The case at bar, however, raises a question as to the legality of the imprisonment of an indigent defendant beyond the term specified as a maximum in the statute, not as punishment but as a means of collecting a sum of money which he is unable to *212 pay. Such detention, it is claimed on behalf of the defendant, is unconstitutional, violating the Eighth and Fourteenth Amendments in that the law is applied unequally as between an indigent and a nonindigent defendant.
The Eighth Amendment would seem to have no application to this case. Without reaching the question of whether or not the Eighth Amendment is binding upon the individual States, it would seem that the law is well settled that the imposition of the legislative penalties provided in this case does not result in punishment which is either cruel or unusual.
The many decisions- of the New York Court of Appeals, and the provisions of our Code of Criminal Procedure (which antedate by a substantial period the holdings of the Supreme Court in Griffin v. Illinois, 351 U. S. 12, and later cases), have established that the procedures adopted in this State may not discriminate against the indigent, and that the rights and benefits conferred by our law, and the protection afforded thereby, must be made available to all defendants without regard to their financial worth.
While it is true that in every field of endeavor those with substantial wealth may have practical advantages over the indigent, they must be made equal before the law to the extent possible. Laws or procedures which discriminate against the indigent, and which do not secure to them the equal protection of the law, are for that reason struck down as unconstitutional. See Ughbanks v. Armstrong (208 U. S. 481, 487) in which it is said that the Fourteenth Amendment does not ‘ ‘ limit the powers of a State in dealing with crime committed within its own borders or with the punishment thereof ” except to require “ equal and impartial justice under the law.”
Applying this analysis to the case at bar, at the time that the sentence is imposed, the man with the means has the power to limit the amount of time that he must spend in jail to the maximum one year by his willingness and his ability to pay the fine. On the other hand, the indigent defendant, at the time of the imposition of the same sentence upon him, though he be willing, has not the ability to curtail the time that he must actually spend in prison to the period of one year which is the maximum period of detention which the Legislature provided.
It is only if we equate the payment of the fine with the additional period of detention in prison that both men can be said to stand equal before the law. An equation of one day of a man’s liberty in jail for every $1 of the fine, in this enlightened era, should be examined very carefully before this form of equality of treatment is indorsed.
*213 It should be noted that the original statutory provision of one day for every $1 of a fine unpaid dates back to 1876 (L. 1876, ch. 61; Code Crim. Pro., §§ 484, 718).
In my opinion, in view of the fact that the only justification heretofore advanced by the courts for the additional detention of the defendant is to enforce the collection of the fine, and in view of the statements by the courts that this additional period of detention is thus left within the control of the defendant, it would seem that an exception must be made in the case of an indigent defendant, because such a defendant will not be able to pay the fine although detained in jail for that purpose, nor does he have within his control the power to limit the period that he thus stands committed. To hold otherwise would add one more disadvantage which the law will place upon the indigent defendant, and one more advantage which the law will give to the defendant with the money in his pocket to pay his fine, although the quality of their conduct has been the same and although their intention to pay the fine has been the same.
The provision in the sentence of the court in the instant case ordering that the defendant be detained in jail for 250 days unless or until he shall pay a fine of $250, in addition to the maximum period of one year to which he has been sentenced, is an invalid provision. The fine may still be imposed, as provided by the Legislature, and the People may take such action to collect it as is otherwise available to them. (See People ex rel. Gately v. Sage, 13 App. Div. 135.)
The sentence is hereby modified to strike out therefrom the provision imposing an additional period of commitment to the County Jail in the event of the nonpayment of the fine.