**Ronald STONE, Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**No. 19085.**

United States Court of Appeals
District of Columbia Circuit.

April 28, 1965.

Petition for Rehearing En Banc
Denied Oct. 7, 1965.

Before BAZELON, Chief Judge, FAHY, Circuit Judge, and BASTIAN, Senior Circuit Judge, in Chambers.

ORDER

## PER CURIAM.

On consideration of petitioner's petition for the allowance of an appeal from the District of Columbia Court of Appeals, of petitioner's brief in support thereof, and of respondent's brief in opposition thereto, it is

Ordered by the court that petitioner's aforesaid petition be granted, and petitioner is allowed to appeal from the judgment of the District of Columbia Court of Appeals in this case.

BAZELON, Chief Judge.

Petitioner was convicted in the Court of General Sessions for using "profane language, indecent and obscene words and engag[ing] in disorderly conduct," D.C.Code §§ 11-741(c), 17-301(b) (Supp. V, 1965). He was sentenced to a $25.00 fine or ten days in prison, and he paid the fine. The District of Columbia Court of Appeals refused to allow an appeal. Petitioner now seeks allowance of an appeal in this court. The court grants this petition today because of the importance of the issues raised.

If I should be a member of the division of this court which hears this appeal, I would wish the parties to brief and the court to consider the additional matters (a) whether an alternative sentence of fine or imprisonment is an invalid discrimination between those who are able to pay and those who are not, see Wildeblood v. United States, 109 U.S.App.D.C. 163, 284 F.2d 592 (1960) (opinion of Edgerton, C. J.); (b) whether this question is mooted by payment of the fine; and (c) whether this question may properly be considered by this court though it was not raised before the District of Columbia Court of Appeals.

BASTIAN, Senior Circuit Judge (dissenting).

I would not grant the petition.

Further, if I should be a member of the division of this court which hears this appeal, I would not have the additional point raised by Judge Bazelon, and not raised by petitioner, briefed or argued.

It is obvious that this latter matter is not before us, as the petitioner has not only not raised the point but has paid the fine; and I am quite positive he would not want to risk, on resentencing (if the conviction is finally affirmed), the possibility that the trial judge would impose a straight jail sentence, which, under the law, he may do.