Hamilton Ward, J.
This is an application for a writ of habeas corpus by an inmate of the Erie County Penitentiary, who is confined by virtue of a judgment of conviction rendered by the Buffalo City Court convicting the defendant of an unlawful entry contrary to section 405 of the Penal Law. It is further alleged that the petitioner was sentenced upon said conviction to imprisonment for one year and to pay a fine in the amount of $500 and ordered to stand committed until said fine should be paid, but no longer than one day for each dollar of the fine imposed. The petitioner alleges that he was and is an indigent so that the portion of his sentence which directs his imprisonment until the fine imposed is paid is, for all intents and purposes, a sentence to confinement for an additional 16% months. This, claims the petitioner, creates an invidious distinction respecting the term of confinement between one who, like himself, cannot pay the fine imposed because of indigency and those who have funds sufficient to satisfy the levy and that such a sentence therefore offends against the provisions of the Eighth Amendment to the United States Constitution. That amendment provides: “ Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.” It has been held that the infliction of cruel and unusual punishment by a State is forbidden by the provisions of the Fourteenth Amendment (Robinson v. California, 370 U. S. 660) and it may be assumed for the purposes of this case that the same prohibition extends to excessive fines. In addition, the Constitution of the State of New York (art. I, § 5) contains the same proscription as does the Eighth Amendment to the United States Constitution.
The power to define for this State what act shall constitute a crime and what penalty shall be inflicted therefor is vested in the Legislature and, with very few exceptions, may not be reviewed by the judiciary (Lawton v. Steele, 119 N. Y. 226). *594 The maximum sentence permitted upon conviction for the crime of unlawful entry is imprisonment for not more than one year or a fine of not more than $500, or both (Penal Law, § 1937). There is no claim here that the limits of the punishment prescribed for the crime involved are excessive or unusual nor does it seem possible that any such claim could be made and, since the sentence imposed was within these limits, it cannot be viewed as unlawful in the sense that the court was without authority to pronounce it.
Sentences, whether they impose fines or terms of imprisonment, fall upon those convicted with unequal impact depending upon many factors but except for one decided case that has not been held to render a given sentence constitutionally invalid. The exception is a decision rendered by the Orange County Court in August of this year in People v. Collins (47 Misc 2d 210). The stated holding there is that a provision in a sentence imposing a fine which requires that the defendant be imprisoned in default of payment one day for each one dollar of the fine is unconstitutional as applied to an indigent. Aside from the merits it must be noted that the question there came before the County Court upon an appeal from a Court of Special Sessions and in such case the question of the severity of the sentence was presented for review. Strictly speaking, then, the holding of unconstitutionality was not a prerequisite to the exercise of the power to modify. Coinciding with the view of the Orange County Court is that of Hopkins, J., concurring in People v. Johnson (24 A D 2d 577).
Opposed to the holding in Collins is that of the United States District Court for the Southern District of New York in United States ex rel. Privitera v. Kross (239 F. Supp. 118, affd. 345 F. 2d 533). There the petitioner, upon conviction for a misdemeanor, was sentenced to 30 days imprisonment and to pay a $500 fine or 60 days additional confinement in default of payment. The District Court’s rejection of the petitioner’s claims under the Eighth and Fourteenth Amendments seems to rest upon the proposition that since the sentence received was less than that permitted by statute, the petitioner could not complain that the sentence imposed was excessive or discriminatory. The District Judge did say, however (p. 121): “ It should be noted that the issues raised by petitioner would be more starkly presented in Federal constitutional terms had he been sentenced, as some defendants have, to the maximum permissible jail term and fined $500, default to result in additional imprisonment of up to 500 days, or sentenced under a statute calling for a straight fine.” The basis for this reserva *595 tion is far from clear to the writer in view of the explicit and long-standing rule in New York that the imprisonment which may follow upon failure to pay a fine is not a punishment but only a means of coercing payment (see Matter of McKinney v. Hamilton, 282 N. Y. 393; City of Buffalo v. Murphy, 228 App. Div. 279; People ex rel. Gately v. Sage, 13 App. Div. 135). Given this distinction between imprisonment as punishment and imprisonment as a coercive technique to compel the payment of a fine, it seems that the claim of unequal treatment would be presented whenever an indigent is confined in default of payment of a fine, whether that confinement is for even one day, completely aside from the fact that a longer term could have been imposed as punishment. While the affirmance of the United States Court of Appeals in Privitera was without opinion, I assume that this line of reasoning was presented to and rejected by that court and upon that understanding of the affirmance I conclude that this petition must be denied.
Upon reading and filing the annexed petition sworn to by the above-named petitioner on the 21st day of September, 1965, and due deliberation having been had thereon, it is
Ordered, that said petition, in accordance with the foregoing memorandum of decision, be and the same is hereby denied.