Edward M. O’Gorman, J.
The defendant was convicted of the crime of petty larceny on his plea of guilty on March 27, 1967. He was thereafter sentenced to pay a fine of $150, and in default of such payment, to serve 150 days in jail.
An application is now made to this court, pursuant to section 484 of the Code of Criminal Procedure, for the remission of the punishment imposed by the fine, in the interest of justice. The defendant is without funds and is represented by the Legal Aid Society of Orange County, Inc.
The amount of the fine, coupled with the provision that it be expiated at the rate of one day for each dollar thereof, necessarily consigns this defendant to jail for á period of five months. *686 Another defendant with adequate funds, convicted of the same offense, would be immediately freed upon payment of the fine. This is not equal treatment under the law unless it is true that there is an equation between the sum of $150 and 150 days spent in the County Jail. There is no such equation, and this sentence cannot be permitted to stand.
The provisions for a fine for an indigent defendant cannot be separated from the provisions dealing with his commitment to jail, and when thus viewed, the fine of $150 is excessive.
Apart from the excessiveness of the fine, there is serious question as to the legality of such a sentence. The Court of Appeals, in the leading case on this subject, states as follows: “ it runs directly contra to the meaning and intent of section 484 of the Code of Criminal Procedure to order a .defendant to stay in prison until he pays a fine, when the court knows that he cannot possibly pay it.” (People v. Saffore, 18 N Y 2d 101, 103.)
The court also stated, citing the case law, “ He [the defendant] argues persuasively that * * * it is a denial of due process and of equal protection of the law to let a defendant’s lack of money determine how long he must be imprisoned. The man who can pay and the man who cannot are not treated equally.” (People v. Saffore, supra, p. 104).
In People v. Collins (47 Misc 2d 210, 212) it was said, “ It is only if we equate the payment of the fine with the additional period of detention in prison that both men can be said to stand equal before the law. An equation of one day of a man’s liberty * * * for every $1 of the fine, in this enlightened era, should be examined very carefully before this form of equality of treatment is indorsed.”
The original statutory provision of one day for every dollar of a fine unpaid dates back to the year 1876. (L. 1876, ch. 61). Under today’s conditions, a day for one dollar is characterized by the Court of Appeals as an “ absurdly low rate ”. (People v. Saffore, supra, p. 104).
The defendant has been committed to the Orange County Jail since March 27, 1967. As was said in People v. Landerway (Orange County, April, 1967), if the fine was an appropriate punishment for this offense, then a sentence of five months in jail for the inability to pay it is excessive and illegal. The fine is remitted to an amount equivalent to the time which the defendant has already served in the County Jail.
It is to be hoped that the Legislature will modify the law with respect to the payment of fines in cases involving indigent defendants. Our appellate courts will ultimately determine the extent to which the rule and the spirit of People v. Saffore *687 (supra) shall be extended to other cases involving the nonpayment of fines by indigent defendants.
In these times in which all of the engines of the criminal law are driving toward preserving and defending the rights of the indigent, our local courts should avoid resort to an archaic system akin to imprisonment for debt. ‘ ‘ Equal treatment under the law ” means more than “ A day for a dollar — pay and you go