Clarence F. SAWYER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 4230.

District of Columbia Court of Appeals.

Argued Oct. 2, 1967.

Decided Feb. 19, 1968.

James F. Fitzpatrick, Washington, D.C., with whom Robert H. Kapp, Glenn Mitchell and Ralph J. Temple, Washington, D.C., were on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

Appellant was tried[1] and convicted by the court of a violation of Part I, Art. III, § 12(b) of the Traffic and Motor Vehicle Regulations of the District of Columbia

---

1. The entry is that appellant entered a plea of guilty but the Statement of Proceedings and Evidence states that appellant was tried by the court and sets forth the testimony taken. We follow the Statement, although the contradiction is not material to the issues on appeal.

(jaywalking),[2] and sentenced under Part I, Art. XX, § 158 of the Regulations [3] to pay a fine of $150 or, in default thereof, under D.C.Code, 16–706 (Supp. V, 1966),[4] to serve 60 days in jail. It is appellant's position that because he is indigent, (1) constitutional requirements of equal protection of the law and restrictions against excessive fines prohibit the imposition of a sentence of imprisonment in default of paying a fine longer than the maximum term of imprisonment authorized by the regulation governing the substantive offense and, (2) that constitutional requirements of due process of law required the appointment of counsel to represent him at trial. We hold the sentence invalid as an improper exercise of the court's discretion.

On October 10, 1966 appellant was arrested and given a ticket for violating the Pedestrian Control Act.[5] Since he was unable to post the $5.00 collateral appellant was jailed overnight [6] and brought into court the next morning from the lockup. At trial appellant was without counsel. He did not ask to be furnished counsel, nor was any inquiry made by the court concerning his financial status or condition.

The police officer testified that appellant, who appeared to be under the influence of intoxicating liquor, was arrested after he was observed to stagger and weave as he crossed Scott Circle, N. W., in disobedience of a "Don't Walk" signal. Appellant testified in his own behalf that he did not remember attempting to cross the circle and admitted that at the time of his arrest he was under the influence of intoxicating liquor. He told the court that he was a chronic alcoholic. Appellant was convicted, sentenced, and had served 21 days in jail before arrangements were made for his release on bond.

■ The law is settled that the imposition of an alternative jail term in default of payment of fine is a valid exercise of the court's discretion, both in a case where the substantive statute provides for a fine only,[7] and in a case where it provides for a fine or imprisonment or both,[8] even

---

2. Whenever special pedestrian control signals exhibiting the words "Walk," "Don't Walk," or "Wait" are in place, such signals shall indicate as follows:

    \* \* \* \* \*

    (b) Wait or Don't Walk.—No pedestrian shall start to cross the roadway in the direction of such signal, but any pedestrian who has partially completed his crossing on the "Walk" signal shall continue to a sidewalk or safety island whichever is nearest while the "Wait" or "Don't Walk" signal is showing.

3. Any person violating any of the provisions of any section or paragraph of these regulations wherein a penalty is not specifically provided shall on conviction be punished by a fine of not more than $300 or imprisonment of not more than 10 days, or both.

4. The Court of General Sessions may enforce any of its judgments rendered in criminal cases by fine or imprisonment, or both. Except as otherwise provided by law, in any case where the criminal division of the court imposes a fine, the court may, in default of the payment of the fine imposed, commit the defendant for such a term as the court deems right and proper, not to exceed one year.

5. [P]edestrians shall be subject to traffic control signals \* \* \* Part I, Art. X, § 51, D. C. Traffic and Motor Vehicle Regulations.

6. The ticket states that the violator has 120 hours "to report to the central violations bureau or pay collateral for the amt. of $5 to the clerk of court."

7. Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877 (1878); Bowles v. District of Columbia, 22 App.D.C. 321 (1903); Perlich v. District of Columbia, D.C.Mun.App., 90 A.2d 227 (1952); Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710 (1946).

8. Dorsey v. Peak, 58 App.D.C. 64, 24 F. 2d 892 (1928); Henderson v. United States, D.C.App., 189 A.2d 132 (1963); Hankins v. United States, D.C.Mun.App., 120 A.2d 590 (1956); Davis v. District of Columbia, D.C.Mun.App., 91 A.2d 14 (1952); Savage v. District of Columbia, D.C.Mun.App., 54 A.2d 562 (1947).

where it results in a defendant's serving a term greater than could have been imposed as a straight prison sentence.[9] Such a sentence was upheld in Dorsey v. Peak, 58 App.D.C. 64, 24 F.2d 892 (1928), where the defendant entered a plea of guilty to changing the name of a licensee appearing on a motor vehicle operator's permit, an offense punishable by a fine of not less than $25, nor more than $300, or imprisonment not to exceed 10 days. The defendant, who was fined $275 in default of which he was to be imprisoned for 60 days, argued that the court was without authority to sentence him to imprisonment in excess of 10 days because his commitment was "in lieu of or in addition to" his fine.[10] The court met this argument by saying that:[11]

We are unable to accept this view. Under the express provisions of section 4, already quoted, the court was granted authority to commit a defendant for a term not to exceed one year "in *default* of the payment of the fine imposed." It is plain that the statute distinguishes between the failure of a defendant to pay his fine (that is, a default in its payment) and a case where he has been sentenced "in lieu of or in addition to any fine." In other words, where a defendant is sentenced to imprisonment without the option of paying a fine (that is, in lieu of the fine), he may not be sentenced in excess of 10 days, or, if fined and also sentenced to imprisonment, the *additional* sentence of imprisonment may not be in excess of ten days.

Basic to the cited decisions is the reasoning that imprisonment for nonpayment of fine is not a penalty but is a means of enforcing payment of the fine. The term of imprisonment, it is said, may always be avoided by payment of the fine. In Peeples v. District of Columbia, D.C.Mun.App., 75 A.2d 845 (1950), the defendant was convicted of being drunk in a public park and sentenced to pay a fine of $75 or, in default thereof, to serve 150 days, despite the fact that the statute making drunkenness an offense provided for a fine of $100 or imprisonment for not more than 30 days, or both. He argued that the court lacked jurisdiction to impose a term of imprisonment in excess of that authorized by the statute prescribing the penalty for drunkenness because that statute, being a special one, limited the authority of the trial judge to sentence under the general statute permitting imprisonment for nonpayment of a fine. This court disagreed and explained that:[12]

It must be remembered that the alternative sentence of imprisonment in default of payment of fine is not imposed as a part of the penalty but as a means of compelling payment of the fine. The imprisonment may be avoided by payment of the fine, which of course cannot be done where imprisonment is the primary or original sentence. The special statute defines the punishment. The general statute provides a means of enforcing the punishment. In view of this we cannot say that under our statutes the mere fact the alternative imprisonment exceeds the term which could have been imposed on appellant as a primary sentence, makes the alternative sentence invalid.

Despite our holding that so viewed the sentence was valid, we nevertheless expressed an acute awareness that in utilizing this procedure the sentencing power of the

---

9. Peeples v. District of Columbia, D.C. Mun.App., 75 A.2d 845 (1950).

10. The Traffic and Motor Vehicle Regulations are promulgated under the statute, now D.C.Code 1967, § 40–603(g), which provides that "The District Commissioners are authorized to prescribe within the limitations of this chapter reasonable penalties of fine, or imprisonments not to exceed ten days in lieu of or in addition to any fine, for the violation of any rule or regulation promulgated under the authority of this chapter not otherwise herein provided for. * * *"

11. 58 App.D.C. at 64, 24 F.2d at 892.

12. 75 A.2d at 847.

trial court was subject to clear abuse by stating that:[13]

In this connection we think a note of warning should be addressed to the trial court. Our statute gives broad discretion in imposing imprisonment in default of payment of a fine, but, as we have said, the alternative sentence is a mode of compelling payment of the fine. Its use should be confined to such. It should not be used for the purpose of imposing a longer term of imprisonment than is permitted by law. To do so is to do indirectly that which cannot be done directly. To impose on a man obviously without means a large fine, and in the alternative a long term of imprisonment, is to all practical effect the imposition of a straight term of imprisonment. In this case the alternative sentence of 150 days looks suspiciously as if the trial court decided, either for appellant's good or for the good of the community, that appellant because of his record of approximately seventy convictions for drunkenness, should be confined for more than the thirty days permitted by the statute, and used the alternative sentence to accomplish this. If we were convinced that this was true, we would reverse, because Congress has fixed thirty days as the maximum term of imprisonment for the first offense of drunkenness and the court ought not to evade the legislative enactment under the guise of enforcing payment of a fine. If this can be done then a longer imprisonment can be imposed on a poor person than on one with means. Such is not the purpose of the law.

In subsequent decisions this court has held that no abuse of discretion was shown in the imposition of such alternative sentences where the only issue raised was that the sentence was too severe, Hankins v. United States, D.C.Mun.App., 120 A.2d 590 (1956), and where, absent proof of indigency, there was nothing of record to indicate that the court used the alternative sentence to accomplish an imprisonment for a period longer than permitted by statute. Henderson v. United States, D.C.App., 189 A.2d 132 (1963). Other courts of this jurisdiction have not as yet had an opportunity to pass upon the issue,[14] but several in New York have ruled directly that to impose an alternative sentence in lieu of fine upon an indigent is unconstitutional.[15] In one such case, People v. Saffore, 18 N.Y.2d 101, 271 N.Y.S.2d 972, 218 N.E.2d 686 (1966), the defendant was sentenced to the maximum term of imprisonment of one year for assault and also fined $500, to be served, as the statute provides at the rate of one day for each dollar of the fine. While basing its decision on constitutional grounds as well, the court also stated:[16]

---

13. 75 A.2d at 847–848.

14. See Stone v. District of Columbia, 121 U.S.App.D.C. 350, 350 F.2d 728 (1965), wherein one judge, in granting an allowance of appeal from this court, desired the brief to cover the question of whether an alternative sentence of fine or imprisonment is an invalid discrimination between those who are able to pay and those who are not; and Wildeblood v. United States, 109 U.S.App.D.C. 163, 284 F.2d 592 (1960) (dissenting opinion) wherein it is said that to imprison a person who cannot pay a fine is unconstitutional.

15. People v. McMillan, 53 Misc.2d 685, 279 N.Y.S.2d 941 (1967); People v. Johnson, App.Div., 262 N.Y.S.2d 431 (1965); People v. Collins, 47 Misc.2d 210, 261 N.Y.S.2d 970 (1965). But cf. United States ex rel. Privitera v. Kross, 239 F.Supp. 118 (S.D.N.Y.), aff'd 345 F.2d 533 (2d Cir.), cert. denied, 382 U.S. 911, 86 S.Ct. 254, 15 L.Ed.2d 163 (1965), wherein the constitutional arguments were rejected where the alternative sentence of imprisonment was *less* than the permissible maximum which could have been imposed as a primary sentence.

16. 18 N.Y.2d at 103–104, 271 N.Y.S.2d at 974, 218 N.E.2d at 687.

[I]t runs directly contra to the meaning and intent of section 484 of the Code of Criminal Procedure to order a defendant to stay in prison until he pays a fine, when the court knows that he cannot possibly pay it. This is not the use of a lawful means for enforcing payment but is an illegal method of requiring imprisonment far beyond the maximum term of imprisonment allowed by the statute which sets a one-year limit on incarceration for a misdemeanor violation. * * * Since imprisonment for nonpayment of a fine can validly be used only as a method of collection for refusal to pay a fine we should now hold that it is illegal so to imprison a defendant who is financially unable to pay.

◼️ In light of the decided cases, then, we think it fair to say that it is because a court should not be powerless to compel a contumacious defendant to pay a fine imposed as punishment that Congress has provided statutory authority to use imprisonment as a method of compelling payment of the fine.[17] But as *Peeples* intimates, no such purpose can possibly be served in the case of an indigent who, although willing to do so, is without funds to pay a fine and avoid the term of imprisonment. To the contrary, the application of the statute to a person known by the court to be indigent does not compel payment of a fine but rather imposes upon him an ad-

ditional term of imprisonment.[18] This we have said cannot be done since it subverts the legitimate purpose of a valid statute and it is clear that the statute, so applied, would then present the grave constitutional questions argued here.

◼️ The maximum penalty for jaywalking is a fine of $300 or imprisonment of ten days, or both.[19] Appellant received a fine of $150, one half of the allowable maximum. In default of that fine, however, he was sentenced to imprisonment for 60 days, 50 days in excess of the maximum which could have been imposed upon him as an original sentence. In practical effect then, because he is an indigent and known to be so, appellant has been sentenced to a straight term of imprisonment of 60 days. We hold this sentence invalid, and are of the opinion that in every case in which the defendant is indigent, a sentence of imprisonment in default of payment of a fine which exceeds the maximum term of imprisonment which could be imposed under the substantive statute as an original sentence is an invalid exercise of the court's discretion for the reason that its only conceivable purpose is to impose a longer term of punishment than is permitted by law. In Peeples v. District of Columbia, supra, we said that such a sentence ought not to be imposed. We now say that such a sentence may not be imposed.[20]

---

17. See also D.C.Code 1967, § 22–109, which provides that in disorderly conduct cases that any person "who shall fail to pay the fine or penalty imposed, or to give security where the same is required, shall be committed to the workhouse of the District of Columbia for a term not exceeding six months for each and every offense."

18. While no inquiry was made at trial as to appellant's financial status, appellee does not contest the fact of appellant's indigency and we think it clear that the trial judge, even if he considered a $150 fine for jaywalking reasonable and just, and a 60 day term of imprisonment for nonpayment thereof right and proper, had every reason to believe that a chron-

ic alcoholic, of no fixed address, without sufficient funds to post $5 collateral for a pedestrian traffic violation, was an indigent who could not possibly pay the fine.

19. It may be that consideration should be given to providing a specific penalty for the violation of each regulation rather than having a general catchall penalty clause in order that the degree of punishment might fairly approximate the relative gravity of the offense.

20. The inequity of so confining an indigent in default of payment of fine is recognized by the Indigent Prisoners Act, 18 U.S.C.A. § 3569, which allows a poor convict committed in default of payment

While we would ordinarily remand for resentencing in accordance with this opinion, we do not do so in this case as appellant served more than the maximum 10 days in jail prior to his release. Instead, we remand with directions that the remaining portion of the term of imprisonment be vacated.[21]

So ordered.

of fine to secure his release after serving 30 days. This act is applicable to sentences of the District of Columbia Court of General Sessions. Clemmer v. Alexander, 111 U.S.App.D.C. 189, 295 F. 2d 176 (1961); Vogel v. Wong, 178 F.2d 327 (6th Cir. 1949); Green v. Peak, 62 App.D.C. 176, 65 F.2d 809 (1933). Appellant cannot test the applicability of this statute to his sentence since he was released from custody after serving 21 days when arrangements were made on his behalf to post 10% of the bond set.

21. In view of this disposition we do not consider the second alleged error on appeal.