IN RE PETITION OF COLE.

(No. 29276—Decided July 3, 1968.)

*Mrs. Carol Emerling,* for petitioner.

WASSERMAN, C. J. Petitioner is a misdemeanant who pleaded guilty or no contest to four traffic violations, receiving fines and jail terms later reduced to $1,200 and fourteen months through a postconviction remedy brought under Section 2953.21, Revised Code. Petitioner has served the "time" portion of his sentence. However, since he has been unable to pay the fine, he is being held in the county workhouse while it is being reduced at the rate of $3 a day as provided by Section 2947.20, Revised Code.

With his habeas petition, petitioner has filed an affidavit of indigency.

Petitioner contends that his Fourteenth Amendment rights to equal protection and due process of law are abridged by his imprisonment. Since we find the recently decided case of *Sawyer* v. *District of Columbia* (D. C. C. A., February 19, 1968), 238 A. 2d 314, to be controlling, we decline to discuss this case in a constitutional law framework. The *Sawyer* court held it an abuse of discretion for a trial judge to sentence an indigent to pay a fine or, in the alternative, to serve a jail term longer than that provided in the statute under which the indigent was charged. We agree. As the *Sawyer* court stated, in "* * * every case in which the defendant is indigent, a sentence or imprisonment in default of payment of a fine which exceeds the maximum term of imprisonment which could be imposed under the substantive statute as an original sentence is an invalid exercise of the court's discretion for the reason that its only conceivable purpose is to impose a longer term of punishment than is permitted by law. * * *." 238 A. 2d 314, at 318.

Since the petitioner here received and has served the maximum jail sentences for his misdemeanors, *Sawyer* is controlling.

The petitioner is released from custody.

*Petitioner released from custody.*

SILBERT and CANARY, JJ., concur.