**Donald Leroy LUCAS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5205.**

District of Columbia Court of Appeals.

Argued June 23, 1970.

Decided Aug. 3, 1970.

---

John Z. Noyes, appointed by this court, for appellant.

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was tried by the court and convicted of petit larceny as the result of a shoplifting at the Hecht Company. After finding him guilty the trial court sentenced appellant to 360 days imprisonment and a fine of $200.00, *or in default of payment an additional 360 days*.

Appellant makes a meritorious contention with respect to the punishment ordered by the trial court. He claims indigency and argues that the additional 360 days he will serve for failure to pay the $200.00 fine constitutes an illegal sentence in view of the maximum statutory imprisonment set for this offense by Congress at one year. The maximum punishment for the crime of petit larceny is a fine of not more than $200.00 or imprisonment for not more than one year, or both. D.C.Code 1967, § 22–2202.

The record shows that appellant is an indigent for the purpose of paying the fine imposed.[1] In view of his indigency, we agree with his contention that this was an illegal sentence for either of two reasons. First, such a sentence constitutes a denial of equal protection to the indigent defendant under the law of the land. As the Supreme Court said in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970): "[W]hen the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination which rests on ability to pay. * * *"

Furthermore, under Sawyer v. District of Columbia, D.C.App., 238 A.2d 314 (1968), it was an abuse of discretion by the trial court to sentence in this manner. There this court stated:

[I]n every case in which the defendant is indigent, a sentence of imprisonment in default of payment of a fine which exceeds the maximum term of imprisonment which could be imposed under the substantive statute as an original sentence is an invalid exercise of the court's discretion for the reason that its only conceivable purpose is to impose a longer

---

1. Aside from counsel's representation of his client's indigency to the trial judge at the time of sentencing, various indicia of appellant's indigent status appear in the record. These include: incarceration for failure to make bond, both after his arrest and on appeal; representation by a Criminal Justice Act-appointed attorney; proceeding in forma pauperis on appeal, including preparation of the transcript at Government expense; and appellant's testimony on cross-examination that prior to his arrest he had been making $152.00 every two weeks and supporting a wife and three children on that salary.

term of punishment than is permitted by law. *Id.* at 318.

We have examined appellant's remaining contention regarding the identification procedure and find it to be without merit and, consequently, the conviction must stand.

The case is remanded for modification of appellant's sentence in accordance with this opinion.

It is so ordered.