**George Arthur BATRES, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 9583.

District of Columbia Court of Appeals.

Submitted Oct. 21, 1975.

Decided Nov. 19, 1975.

---

Noel H. Thompson, Washington, D. C., appointed by the court, was on the brief for appellant.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and Dennis McDaniel, Asst. Corp. Counsels, Washington, D. C., were on the brief for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

Appellant was convicted of tampering with an automobile in violation of Art. 25, § 15, of the District of Columbia Police Regulations. The trial court imposed a fine of $100 and declared that the defendant would be required to serve 30 days in jail if the fine was not paid within 30 days.

On October 24, 1974, the complainant, Harry Forsythe, observed appellant Batres reach into complainant's parked autombile and remove the keys, which Forsythe had carelessly left in the ignition. Forsythe confronted Batres, who threw the keys on the ground after a short altercation. Batres was arrested soon thereafter, and claimed that he was acting merely to prevent a possible theft and that he intended to turn the keys over to the police.

In this appeal, Batres challenges the authority of the District of Columbia to promulgate the automobile-tampering regulation. We find no merit in this argument for, under D.C.Code 1973, § 1–226, the District of Columbia is empowered to make and enforce police regulations for "the protection of all property within the District of Columbia" and this tampering regulation is clearly authorized under that section. *District of Columbia v. Smith,* D.C.App., 329 A.2d 128 (1974).

We also find that the testimony offered in support of the charge was sufficient to sustain the conviction.

It is urged that the so-called "alternative" jail sentence imposed here is illegal under D.C.Code 1973, § 1–224a, which generally restricts penalties for violations of police regulations to 10 days. On its face, however, the sentence imposed does not exceed the authority of the trial court, for the jail term is to be served only if the fine goes unpaid. The Superior Court is authorized to order commitment for a term as long as one year to enforce the payment of a court-ordered fine, D.C.Code 1973, § 16–706, provided the purpose of such alternative is to compel payment of the fine rather than imposing imprisonment for a term longer than that specified for the offense. *Peeples v. District of Columbia,* D.C.Mun.App., 75 A.2d 845 (1950).

Nevertheless, there is one exception to this rule. Where the record discloses that the defendant is an indigent and that the court must have been aware of his inability to pay the fine, the alternative sentence should not exceed the maximum prescribed for the offense. *Sawyer v. District of Columbia*, D.C.App., 238 A.2d 314 (1968). In the case before us, the record does not reveal that appellant was as impoverished as the defendant in *Sawyer*, but he made a sufficient showing before the motions division of this court to enable him to proceed *in forma pauperis*, and in the trial court, his counsel's request that a 30-day grace period be granted to raise the money to pay the fine was tantamount to notice of indigency.

While the matter may well become academic if the fine is paid within the time granted appellant, we are of the opinion that the *Sawyer* holding requires a remand for resentencing, the alternative sentence, in default of payment, not to exceed 10 days.

*Affirmed in part, but reversed and remanded for resentencing.*