Purvis A. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 79-91.

District of Columbia Court of Appeals.

Argued May 6, 1980.

Decided Dec. 3, 1980.*

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

Melvin A. Marshall, Washington, D.C., for appellant.

Richard C. Bicki, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Peter E. George, Michael S. Pasano, Melvyn H. Rappaport, and Steven C. Tabackman, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN, NEBEKER and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted by a jury of possession of implements of a crime, namely, narcotics paraphernalia (a marijuana smoking pipe), in violation of D.C. Code 1973, § 22–3601. Appellant advances 11 challenges to his conviction, none of which merits reversal. We remand the case, however, solely for the purpose of requiring a hearing before the trial court on appellant's

post-conviction motion for the return of property (money) which was seized at the time of his arrest.

## I

On the basis of a tip from a reliable informant, two controlled purchases of marijuana from appellant were made by the police. Using that information, the police secured a search warrant for appellant's home. The search yielded approximately 21 ounces of marijuana, a smoking pipe containing marijuana residue, and approximately $1,919 ($294 seized from appellant's person and the rest from a pouch behind the dresser in his bedroom). A pretrial motion to suppress the evidence was denied.

## II

■ Appellant challenges the sufficiency of the evidence to support his conviction. We find the evidence, taken in the light most favorable to the government, *see Clark v. United States*, D.C.App., 418 A.2d 1059 (1980); *Byrd v. United States*, D.C. App., 388 A.2d 1225 (1978), to have been sufficient to allow a reasonable jury to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Curley v. United States*, 81 U.S.App.D.C. 389, 160 F.2d 299, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). Appellant's contention that the statute under which he was convicted was not intended to apply to the mere possession of a marijuana smoking pipe is without merit. The statute, § 22–3601, has been interpreted to have broad applicability, extending to the possession of narcotics paraphernalia, "the mere possession of which clearly implies criminal intent." *Rosenberg v. United States*, D.C. App., 297 A.2d 763, 765 (1972). Unlike the evidence in *Williams v. United States*, D.C. App., 304 A.2d 287 (1973), where possession of a small wooden pipe was held insuffi-

cient by itself to support a conviction of possession of implements of a crime, appellant's trial included expert testimony as to the physical characteristics of the pipe, including the fact that it was equipped with an air vent to facilitate the smoking of marijuana, and testimony as to the "nature and significance of the residue in the pipe." *Id.*, at 289.

■ Furthermore, the trial court did not abuse its discretion in allowing cross-examination of appellant with respect to his marijuana smoking habits. This court has recognized the use of surrounding circumstances to establish the requisite criminal intent—beyond mere possession—that must be proved in order to sustain a conviction for this offense. *Crawford v. United States*, D.C.App., 278 A.2d 125, 127 (1971). The government's questioning went both to appellant's motive for having the pipe and his intent to use it as a narcotics implement, and was therefore proper.

## III

■ Appellant claims that he was denied due process of law in that, although he was charged with possession of marijuana, D.C. Code 1973, § 33–402 (of which he was acquitted), he was treated by the government as though he had been charged with having made sales.[1] This resulted in unfair treatment in two instances, he argues. First, appellant was denied First Offender Treatment (FOT), a pretrial diversion procedure offered to defendants in a limited number of misdemeanor offenses. FOT owes its existence and operation solely to prosecutorial discretion, and our scope of review of the exercise of that discretion is very narrow. *United States v. Smith*, D.C. App., 354 A.2d 510, 512–13 (1976). Moreover, FOT, which results in the dismissal of charges against a defendant, is only appropriate "if the prosecutor was satisfied that a person charged genuinely regretted his

1. *Cf. United States v. Shaw*, D.C.App., 226 A.2d 366, 368 (1967) (although appellant was arrested on a felony charge, the prosecutor had discretion to prosecute for a lesser offense).

illegal conduct and was willing to comply with an informal educational program intended to instill in him a respect for the rule of law." *Id.*, at 511. We will not interfere with the prosecutor's decision whether or not FOT is appropriate for a particular defendant; "no court has any jurisdiction to inquire into or review his decision." *Newman v. United States*, 127 U.S.App.D.C. 263, 266, 382 F.2d 479, 482 (1967). Furthermore, appellant's contention that he was denied FOT because the government believed him guilty of marijuana sales is frivolous. Even if true, the fact that appellant's arrest was predicated upon two marijuana buys by a government informant was a proper factor for the prosecutor to consider in deciding whether appellant should be entitled to FOT.[2] Moreover, appellant was probably not eligible for diversionary treatment in any event; it typically is denied to a defendant charged with a drug offense, including possession of more than a small amount of marijuana. *See* Criminal Practice Institute Trial Manual, § 5.32 (Vol. I 1980).

■ Second, at the time of sentencing, the prosecutor recommended that appellant be imprisoned in light of the two controlled sales which led to his arrest.[3] Appellant's claim that he was thereby denied due process is baseless. It is well settled that trial judges have great latitude in the sentencing process. The court may examine any reliable evidence, including that which was not introduced at trial, *United States v. Lee*, 540 F.2d 1205, 1210 (4th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976), and may consider a wide range of facts concerning a defendant's character and his crime. *Butler v. United States*, D.C.App., 379 A.2d 948, 950 (1977).

IV

■ Following his conviction, appellant moved the trial court for the return of the money seized at the time of his arrest. The trial court denied the motion to the extent that it was based on Super.Ct.Cr.R. 41(g), which applies only to property seized in illegal searches. Insofar as appellant's motion was based on concepts of due process, the court said that the proper procedure was for appellant to apply for the return of the property through the property clerk. *See* D.C. Code 1973, §§ 4–151 *et seq.* The trial court ruled that the property clerk statute is exclusive and that it therefore lacked jurisdiction to rule on the motion.

Subsequently, appellant requested and received a hearing before the property clerk on his motion. The property clerk released the $294 which had been seized from appellant's person to counsel for appellant's mother, and directed appellant to present

2. Appellant's claim that the entry of a government informant into his home to purchase marijuana violated his expectation of privacy and invalidated the subsequent search is meritless. Controlled buy situations do not violate the Fourth Amendment and constitute, rather, a proper and well-recognized practice of law enforcement; the practice serves the legitimate purpose of "expos[ing] precisely the sort of illicit traffic present in circumstances such as these where direct investigation would in all probability prove unavailing." *Stewart v. United States*, D.C.App., 395 A.2d 3, 6 n.2 (1978). The controlled purchase provided sufficient corroboration of the informant's tip to establish probable cause to issue the search warrant.

We also find no error in the trial court's refusal to treat appellant's motion to suppress the seized evidence as conceded because the government did not file a timely response. The court continued the suppression hearing to a mutually convenient date; appellant was not prejudiced thereby.

3. Appellant was sentenced to one year in prison and a $1,000 fine. Execution of the sentence was suspended in favor of conditional probation. In the event of default in payment of the fine, appellant was sentenced to an additional 180 days in jail. This sentence was legal. Imposition of an alternative jail term in default of payment of a fine is a valid exercise of the court's discretion, *Sawyer v. District of Columbia*, D.C.App., 238 A.2d 314, 315–16 (1968), especially where, as here, it is clear that the alternative sentence was imposed solely to compel payment of the fine. *Batres v. District of Columbia*, D.C.App., 347 A.2d 585, 586 (1975).

evidence that he had lawfully obtained the remaining approximately $1,625. Appellant presented no further evidence; instead, he brought this appeal.

We agree with the trial court that Rule 41(g) is inapplicable to this case. We remand, however, because the trial court incorrectly ruled that it had no jurisdiction to rule on the motion on other grounds. As we decide today in *Wilson v. United States*, D.C.App., 424 A.2d 130 (1980), the property clerk statute is not exclusive, and the trial court has concurrent jurisdiction to rule on a post-conviction motion for the return of property seized in connection with an underlying criminal proceeding.

 We believe nonetheless that, on the facts of this case, the trial court may refrain from exercising its jurisdiction pending further proceedings before the property clerk. *See Ogden v. Zuckert*, 111 U.S.App. D.C. 398, 298 F.2d 312 (1961). The court properly may require that such proceedings, once initiated, be pursued to finality, at which point they become subject to de novo review in the trial court. In other words, the trial court has the discretion on remand to rule on appellant's motion. However, it may, if it wishes, refrain from exercising its jurisdiction pending appellant's pursuit of relief at the hands of the property clerk, the seeking of such relief having been initiated and abandoned midstream.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*